HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
**GABRIEL S. DERMER Assistant City Attorney (SBN 229424)**
**EMERSON H. KIM, Deputy City Attorney (SBN 285142)**
200 North Main Street, 6th Floor, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 978-7561
Email: Gabriel.Dermer@lacity.org

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBS, individually and as a representative of a class,<br><br>            Plaintiffs,<br><br>      v.<br><br>ERIC MICHAEL GARCETTI, et al.<br><br>            Defendants. | No. 2:22-cv-08010-DOC (KESx)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION [Dkt. 82]**<br><br>**Date:  September 9, 2024**<br>**Time: 8:30 a.m.**<br>**Ctrm: 9D, Santa Ana** |

# TABLE OF CONTENTS

I.      INTRODUCTION ..................................................................................... 1

II.     RELEVANT BACKGROUND .................................................................. 3

III.    LEGAL STANDARD .............................................................................. 3

IV.    ARGUMENT ........................................................................................... 5

    A.    Plaintiff Fails to Define an Identifiable or Ascertainable Class, Requiring Denial of the Motion ............................................................. 5

    B.    Plaintiff Fails to Establish He Meets the Rule 23(a) Requirements ............. 8

        i.  Numerosity ................................................................................ 9

        ii. Commonality .............................................................................. 9

        iii. Typicality ................................................................................ 11

        iv. Adequacy of the Class Representative and Class Counsel .................... 12

    C.    Plaintiff Cannot Maintain a Damages Class or an Injunctive Relief Class 13

        i.  Damages Class ........................................................................... 13

            a.    Predominance ................................................................... 13

            b.    Superiority ...................................................................... 14

        ii. Injunctive Relief Class ................................................................ 15

V.     CONCLUSION ...................................................................................... 17

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

# TABLE OF AUTHORITIES

Page(s)

Cases

*Amchem Prods., Inc. v. Windsor,*
    521 U.S. 591 (1997)..................................................................4, 13, 15

*B.K. by next friend Tinsley v. Snyder,*
    922 F.3d 957 (9th Cir. 2019) ...............................................................5, 8

*Comcast Corp. v. Behrend,*
    569 U.S. 27 (2013)................................................................................13, 14

*Daniel F. v. Blue Shield of Cal.,*
    305 F.R.D. 115 (N.D. Cal. 2014) ..........................................................5, 6

*Ellis v. Costco Wholesale Corp.,*
    657 F.3d 970 (9th Cir. 2011) .....................................................................13

*Hanlon v. Chrysler Corp.,*
    150 F.3d 1011 (9th Cir. 1998) ..................................................11, 12, 13

*Hanon v. Dataproducts Corp.,*
    976 F.2d 497 (9th Cir. 1992) ....................................................................11

*In re Yagman,*
    38 F.4th 25 (9th Cir. 2022) ................................................................12, 13

*Jamie S. v. Milwaukee Pub. Schools,*
    668 F.3d 481 (7th Cir. 2021) ....................................................................17

*Lucas v. Breg, Inc.,*
    212 F. Supp. 3d 950 (S.D. Cal. 2016) .........................................5, 6, 7, 14

*Mad Rhino, Inc. v. Best Buy Co., Inc.,*
    2008 WL 8760854 (C.D. Cal. Jan. 14, 2008).......................................5, 6, 8

*McCollum v. California Dep't of Corr. & Rehab.,*
    647 F.3d 870 (9th Cir. 2011) ...............................................................5, 8

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

*Moheb v. Nutramax Labs. Inc.*,
   2012 WL 6951904 (C.D. Cal. Sept. 4, 2012) .......................................................5, 6, 7

*Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*,
   31 F.4th 651 (9th Cir. 2022) ...........................................................................4, 8

*Olivier v. Baca*,
   913 F.3d 852 (9th Cir. 2019) ...........................................................................5, 8

*Ortiz v. Fibreboard Corp.*,
   527 U.S. 815 (1999).......................................................................................16

*Tyson Foods, Inc. v. Bouaphakeo*,
   577 U.S. 442 (2016).......................................................................................13

*United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co.*,
   593 F.3d 802 (9th Cir. 2010) ...........................................................................4

*Wal-Mart Stores, Inc. v. Dukes*,
   564 U.S. 338 (2011)................................................................................*passim*

*Willis v. City of Seattle*,
   943 F.3d 882 (9th Cir. 2019) ...................................................................2, 10, 11

*Wolin v. Jaguar Land Rover N. Am.*,
   617 F.3d 1168 (9th Cir. 2010) ........................................................................14

*Zinser v. Accufix Research Inst., Inc.*,
   253 F.3d 1180 (9th Cir. 2001) ...............................................................4, 15, 16

**Statutes**

LAMC § 41.18................................................................................... *passim*

LAMC § 56.11 ........................................................................................ 1

**Federal Statutes**

Fed. R. Civ. Proc. 23.................................................................................*passim*

iii

## I.    INTRODUCTION

Plaintiff David Jacobs's "Amended" Motion for Class Certification must be denied because Plaintiff fails to establish he satisfies the following multiple different requirements of Rule 23[1]:

- Plaintiff fails to satisfy the threshold requirement that the class must be identifiable and ascertainable.  Plaintiff does not clearly define the class, setting forth one name of the class and then a definition of the class.  Dkt. 82 (Am.  Motion) at 23.  He further seeks "certification of a class of un-housed people, all of whom have suffered identical injuries, by enforcement of § 41.18."  Dkt. 82 (Am. Motion) at 7.  Adding to the confusion, Plaintiff proposes a class definition in his Proposed Order involving two different ordinances than the one being challenged in this lawsuit, Los Angeles Municipal Code ("LAMC") § 41.18.  Dkt. 82-1 (Proposed Order) at 13-14 (defining the class as including all un-housed persons who reside in the City and whose property and/or belongings have been subjected to and confiscated pursuant to LAMC §§ 56.11 and/or 56.12).  Significantly as to all the definitions Plaintiff proposes, (a) there is no objective way identified to determine if a putative class member has been subjected to LAMC § 41.18 and which subsection of that ordinance, (b) they include a larger number of people who have not been injured, and (c) they have proposed requirements that are impermissibly vague and require an individualized inquiry.

- Plaintiff does not present facts or evidence showing that the putative class members are sufficiently numerous to satisfy the numerosity requirement of Rule 23(a).  Instead, Plaintiff merely asserts that the class would comprise about 42,000 members, without any explanation or proof (Dkt. 82 [Am. Motion] at 3, and confusingly contradicts this statement in the Proposed Order, contending the class would comprise about 1,000 - 3,000 members, split between two subclasses: (1) Unhoused persons who retrieved their belongings and (2) Unhoused persons who did not retrieve their belongings.).  Dkt. 82-1

---

[1] Unless otherwise indicated, all statutory references are to the Federal Rules of Civil Procedure.

1

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

(Proposed Order) at 14.

- Plaintiff fails to show the class definition satisfies the commonality requirement of Rule 23(a). The Court has dismissed Plaintiff's *Monell* claims in their entirety with prejudice. *See* Dkt. 70 (06/20/24 Order) at 3.[2] Instead, Plaintiff's claims turn on the enforcement of a municipal ordinance (LAMC § 41.18), which contains a number of different provisions, against unhoused individuals and the constitutionality of that enforcement depends on the ordinance section, the manner of the particular enforcement and the circumstances of the particular individual. As in *Willis v. City of Seattle*, 943 F.3d 882 (9th Cir. 2019), Plaintiff's failure to show a common or uniform practice is fatal to commonality.

- Plaintiff also fails to show the class definition satisfies the typicality requirement of Rule 23(a). There is no way to determine from Plaintiff's motion how many class members have been subject to enforcement under LAMC § 41.18, under which 41.18 subsection they were enforced against, and whether their injuries are similar to those of the named representative, Plaintiff David Jacobs.

- Plaintiff also does not demonstrate that Plaintiff Jacobs or his counsel of record will fairly and adequately protect the interests of the class as required by Rule 23(a)(4).

- In addition to failing to satisfy multiple requirements of Rule 23(a), Plaintiff also fails to demonstrate his class action meets one of the three requirements of Rule 23(b). Plaintiff's proposed damages class cannot be certified because, among other things, Plaintiff does not, and cannot, articulate an injury in fact that is common to the class or a method of measuring damages class wide. Plaintiff's proposed injunctive relief class also cannot be certified because Plaintiff primarily seeks damages. Moreover, any injunctive relief would require individualized determinations of what relief is proper for a particular plaintiff. Notably, Plaintiff has not articulated any injunctive relief he seeks for a class

---

[2] The page numbers used in this Opposition refer to the docket page numbers stamped at the top of each page of a document.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

1    challenging the ordinance at issue.

2        For any of these reasons, Plaintiff's Motion should be denied.

3    **II.    RELEVANT BACKGROUND**

4        Plaintiff David Jacobs is an unhoused individual challenging a Los Angeles City

5    ordinance, LAMC §41.18, which prohibits, among other things, obstructing a street or

6    sidewalk by "sitting, lying, or sleeping or storing, using, maintaining, or placing personal

7    property" in a manner that impedes passage or near driveways, building entrances, or fire

8    hydrants.  Dkt. 41 (First Amended Complaint ["FAC"]) at ¶ 6.

9        After motions to dismiss, all claims asserted by Plaintiff, except for the thirteenth

10    claim for violation of the Eighth Amendment's excessive fines clause and seventeenth

11    claim for violation of the Fourth Amendment, have been dismissed with prejudice.  Dkt.

12    70 (06/20/24 Order) at 3, 4, 6, 7, and 10.

13        In his "Amended" Motion for Class Certification, Plaintiff proposes the following

14    class definition:  "un-housed people, all of whom have suffered identical injuries, by

15    enforcement of § 41.18."  Dkt. 82 (Am. Motion) at 7.  Later in the Motion, Plaintiff

16    modifies the class definition to: "All un-housed persons who reside in the City of Los

17    Angeles and who have been subjected to City of Los Angeles ordinance § 41.18."  *Id.*, at

18    23.  And yet in his proposed Order, Plaintiff proposes yet a third class definition, having

19    nothing to do with the challenged ordinance, LAMC § 41.18:  "All un-housed persons

20    who reside in the City of Los Angeles and whose property and/or belongings have been

21    subjected to and confiscated pursuant to City of Los Angeles ordinances §§ 56.11 and/or

22    56.12, and who have suffered the same injuries of having had their property and/or

23    belongings taken, and who have been required to travel long distances across Los Angeles

24    to retrieve their seized belongings, and who (A) have traveled long distances and retrieved

25    their belongings, or (B) have not been able to travel those long distances and who thereby

26    have lost their belongings."  Dkt. 82-1 (Proposed Order) at 13-14.

27    **III.    LEGAL STANDARD**

28
        3

Rule 23 of the Federal Rules of Civil Procedure governs certification of class actions. Courts may certify a class action only if the moving party establishes all four requirements in Rule 23(a): (i) the class is so numerous that joinder of all members is impracticable (numerosity); (ii) there are questions of law or fact common to the class (commonality); (iii) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and (iv) the representative parties will fairly and adequately protect the interests of the class (adequacy). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997); Fed. R. Civ. P. 23(a); *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO v. ConocoPhillips Co*., 593 F.3d 802, 806 (9th Cir. 2010).

In addition to the four prerequisites under Rule 23(a), the moving party must also establish that at least one of the three requirements of Rule 23(b) is satisfied. Fed. R. Civ. P. 23(b). According to Plaintiffs, they seek "certification for a damages class under Rule 23(b)(3) and for an injunctive relief class under either Rule 23(b)(1) or Rule 23(b)(2)." Dkt. 82 (Am. Mot.) at 20.

"Before certifying a class, the trial court must conduct a 'rigorous analysis' to determine whether the party seeking certification has met the prerequisites of Rule 23." *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1186 (9th Cir. 2001). Such an analysis inevitably will touch on the merits of the movant's claims or defenses, which is permitted to the extent needed to determine whether the requirements of Rules 23(a) and (b) have been met.

"Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) ("*Dukes*"). Plaintiff has the "burden of establishing that the prerequisites of Rule 23 are satisfied by a preponderance of the evidence." *Olean Wholesale Grocery Coop., Inc. v.*

*Bumble Bee Foods LLC*, 31 F.4th 651, 665 (9th Cir. 2022) (en banc) (cleaned up).  Factual allegations in an unverified complaint or legal memorandum are not evidence.  *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 883 (9th Cir. 2011); *Olivier v. Baca*, 913 F.3d 852, 861 (9th Cir. 2019).  Thus, "allegations alone are insufficient to meet [the plaintiff's] burden."  *B.K. by next friend Tinsley v. Snyder*, 922 F.3d 957, 974 (9th Cir. 2019).

## IV.    ARGUMENT

### A.    Plaintiff Fails to Define an Identifiable or Ascertainable Class, Requiring Denial of the Motion

Although not explicitly required by Rule 23, courts throughout this circuit have recognized that as a "threshold matter," "the party seeking class certification must demonstrate that an identifiable and ascertainable class exists."  *Daniel F. v. Blue Shield of Cal.*, 305 F.R.D. 115, 120 (N.D. Cal. 2014); *Moheb v. Nutramax Labs. Inc.*, 2012 WL 6951904, at *3 (C.D. Cal. Sept. 4, 2012); *see also Lucas v. Breg, Inc.*, 212 F. Supp. 3d 950, 972 (S.D. Cal. 2016) ("[F]ederal courts have consistently held that the party seeking class certification must demonstrate that an identifiable and ascertainable class exists."). An identifiable and ascertainable class is necessary to evaluate whether the Rule 23(a) and (b) requirements have been established, to issue the certification order required by Rule 23(c)(1) defining the class and the class claims, issues, or defenses, and to identify those entitled to relief and bound by a final judgment.  *See Daniel F.*, 305 F.R.D. at 121-22; *Mad Rhino, Inc. v. Best Buy Co., Inc.*, 2008 WL 8760854, at *2 (C.D. Cal. Jan. 14, 2008).

"A class is ascertainable if it is defined by objective criteria and if it is administratively feasible to determine whether a particular individual is a member of the class."  *Lucas*, 212 F. Supp. 3d at 973 (internal quotation marks omitted); *see also Moheb*, 2012 WL 6951904, at *3 ("The class definition 'must be sufficiently definite so that it is administratively feasible to determine whether a particular person is a class member.'"); *Daniel F.*, 305 F.R.D. at 121-22 (same and holding that being sufficiently definite allows

"members of the class [to] be ascertained by reference to objective criteria"). A class is not ascertainable if the definition is impermissibly vague, if membership depends on subjective factors, if a court must investigate the merits of individual claims to determine class membership, or if the class is defined to include a large number of people who have not been injured. *Mad Rhino, Inc.*, 2008 WL 8760854, at *3 (impermissibly vague); *Lucas*, 212 F. Supp. 3d at 973 (subjective factors and must investigate merits); *Daniel F.*, 305 F.R.D. at 125 (subjective factors and must conduct an individualized inquiry); *Moheb*, 2012 WL 6951904, at *3 (no injury).

Here, Plaintiff's proposed class is not identifiable and ascertainable for multiple reasons:

- It is not clear what Plaintiff's proposed definitions are as three different class definitions are provided by Plaintiff. In the Motion, Plaintiff proposes two definitions: a class of all unhoused people in Los Angeles who have been subjected to LAMC § 41.18 (Dkt. 82 [Am. Motion] at 23) and a class of "un-housed people, all of whom have suffered identical injuries, by enforcement of § 41.18." *Id.,* at 7. Even more confusingly, in the Proposed Order Plaintiff proposes a class of all unhoused people in the City whose "property and/or belongings have been subjected to and confiscated pursuant to belongings, or (B) have not been able to travel those long distances and who thereby have lost their belongings." Dkt. 82-1 (Proposed Order) at 13-14. A shifting definition demonstrates that the class is not identifiable and ascertainable. *See Daniel F.*, 305 F.R.D. at 123-24 ("moving target" class definition was not "precise, objective, and presently ascertainable").

- Plaintiff's first definition consisting of a class of all unhoused people in Los Angeles who have suffered identical injuries by enforcement of LAMC § 41.18 is improper because Plaintiff does not identify an objective way to determine if a class member has been subjected to enforcement of the ordinance in a certain manner, how to determine if the class member was injured, and what the "identical injury" to Plaintiff

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

Jacobs is, and how this can be established.  There are other ordinances that might be implicated, and a putative class member may have been "subjected to" a different statute than the ones at issue, may have been "subjected to" LAMC § 41.18 in a manner different than what Plaintiff contends is unconstitutional, may have been injured in a different manner than Plaintiff, and there is no way to determine what is implicated here.  If Plaintiff intends to rely on a person's memory to determine if a putative class member was subjected to the challenged ordinance, that is too subjective a factor for an identifiable and ascertainable class, especially over the years-long period for people who are forced to move around often.  *See Lucas*, 212 F. Supp. 3d at 973 ("A class definition that ultimately depends upon the vagaries of human memory and the biases associated with processing information does not provide the objective criteria needed to adequately identify a class.").

- Additionally,  there are a number of different subsections of LAMC § 41.18, and Plaintiff has not provided any evidence concerning which subsection the putative class members were allegedly injured by, how the subsection was unconstitutional, or how they all suffered the same enforcement and injury.

- Similarly, Plaintiff's second definition consisting of a class of all unhoused people in Los Angeles who have been subjected to LAMC § 41.18 is improper because Plaintiff does not identify an objective way to determine if a class member has been subjected to the challenged ordinance in a specific manner, nevermind whatever manner Plaintiff claims is unconstitutional.

- In addition, Plaintiff's second definition is not ascertainable because it includes a large number of people who have not been injured.  *See Moheb*, 2012 WL 6951904, at *3.  This second definition is not tied to the alleged harm.  Moreover, there are a number of different subsections of LAMC § 41.18, and Plaintiff has not provided any evidence concerning which subsection was enforced against the putative class members, and whether enforcement was the same among them.

- Plaintiff's third definition, consisting of all unhoused people in Los Angeles

7

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

who have been subjected to §§ 56.11 and 56.12, with subclasses of those who have retrieved their property and who have not, is not identifiable or ascertainable and has nothing to do with the issues in the present case.  Thus, it is improper and should be rejected outright.

Plaintiff's failure to define an identifiable or ascertainable class requires denial of class certification.  *See, e.g.*, *Mad Rhino, Inc.*, 2008 WL 8760854, at *4 (denying motion for class certification with prejudice because of plaintiffs' inability to define an ascertainable class).

### B.    Plaintiff Fails to Establish He Meets the Rule 23(a) Requirements

Strikingly, Plaintiff makes no attempt to demonstrate how his proposed putative class satisfies the Rule 23(a) requirements, never mind by a preponderance of evidence, and because Plaintiff has the burden of establishing each of the four requirements in Rule 23(a), his failure to make any argument addressing the class justifies denial of the Motion. *See Dukes,* 564 U.S. at 350; *Olean,* 31 F.4th at 665.  Plaintiff has not demonstrated or provided any evidence to support the motion; indeed, Plaintiff has not met his burden to prove the existence of any Citywide policy or practice of applying LAMC § 41.18 in any unconstitutional manner in violation of either the Eighth Amendment (violation of the excessive fines clause) or the Fourth Amendment – the sole claims that survived Defendants' Motion to Dismiss.  *See* Dkt. 70 (6/20/24 Order).  Plaintiff incorrectly states that he also brings a claim for violation of the Fourteenth Amendment (due process and equal protection), (Dkt. 82 [Am. Motion] at 7), but those claims were dismissed with prejudice by the court, and any reliance on them by Plaintiff is yet another reason to deny his motion. *Id.,* at 4, 6-7.

Plaintiff's reliance on the allegations in his First Amended Complaint are not evidence (*McCollum,* 647 F.3d at 883; *Olivier,* 913 F.3d at 861), and Plaintiff's seeming reliance on them is insufficient to meet his burden for class certification. *Snyder*, 922 F.3d at 974.  Thus, Plaintiff's motion should be rejected outright.

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

### i.    Numerosity

Again, it is Plaintiff's burden to establish numerosity with proof.  *See, e.g.*, *Dukes*, 564 U.S. at 350 ("A party seeking class certification must affirmatively . . . be prepared to prove that there are *in fact* sufficiently numerous parties . . . .") (emphasis in original). Despite this settled burden, Plaintiff fails provide any evidence about how he calculated the estimated class size.  Plaintiff improperly relies solely on the total number of unhoused people in the City of Los Angeles (Dkt. 82 [Am. Motion] at 3 and 14-15), without any evidence to extrapolate from that number the number of unhoused people in the City who were subjected to LAMC § 41.18 in the purported unconstitutional manner Plaintiff contends.  *Id.*  And as discussed above, Plaintiff's second class definition does not include an alleged injury by the enforcement.  The Court is therefore left to impermissibly speculate how many unhoused people the City has enforced the ordinance against. Plaintiff's failure to meet his burden is reason alone to deny the Motion.

### ii.    Commonality

Rule 23(a)(2) requires the Court to perform a rigorous analysis to determine whether there are questions of law or fact common to the class.  *See Dukes,* 564 U.S. at 350-51. Commonality exists when the class members' claims "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Dukes,* 564 U.S. at 350.  "What matters to class certification . . . is not the raising of common 'questions' . . . but, rather, the capacity of a class-wide proceeding to generate common answers apt to drive the resolution of the litigation." *Id.*  Here, Plaintiff cannot establish commonality for class members who did not face any enforcement.

Plaintiff does not show that the class has common claims capable of class-wide resolution in one stroke.  In particular, the Court has dismissed Plaintiff's *Monell* claims. Dkt. 70 (06/20/24 Order) at 3.   Instead, Plaintiff's claims turn on the enforcement of the

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

municipal ordinance against unhoused individuals, and the constitutionality of that enforcement depends on the manner of the particular enforcement and the circumstances of the particular individual.  For example, Plaintiff Jacobs alleges that in October, 2022, he was issued a citation to appear in a court, pursuant to § 41.18 for living on the sidewalk on Main Street in Venice.  Dkt. 41(FAC) at ¶ 35.  He further contends that in 2021, Plaintiff's tent that he used for shelter and his personal belongings were "stolen" pursuant to § 41.18. *Id.* at ¶ 36.  Notably absent is any evidence concerning the facts surrounding the enforcement of LAMC § 41.18 against Plaintiff, how that enforcement was allegedly unconstitutional, what injuries Plaintiff purportedly sustained, or even which subsections of the ordinance were cited.  Thus, Plaintiff does not show that his experience is common or uniform for the class.  Plaintiff relies only on his allegations, which is insufficient to meet his burden.  *Dukes*, 564 U.S. at 350.

Furthermore, Plaintiff does not provide any evidence to support either of his claims. All Plaintiff contends is a vague notion of mistreatment.  *See* Dkt. 82 (Am. Motion) at 17. With regard to his Eighth Amendment claim, the ordinance does not impose fines, and Plaintiff's proposed class definition is not limited to people who were fined.  Thus, there is no Eighth Amendment claim common to all class members.  The same flaws exist with regard to the Fourth Amendment claim – there is no evidence as to how the putative class members' rights were violated, whether they were subject to an unreasonable search and seizure, and the proposed class definition is not limited to unhoused members whose Fourth Amendment rights were violated by enforcement of the challenged ordinance.

Plaintiff's failure to establish a common or uniform practice is fatal to commonality. *Willis v. City of Seattle* is instructive.  There, the Ninth Circuit affirmed the district court's denial of class certification on the basis that commonality was not established.  943 F.3d at 885.  In *Willis*, the City of Seattle enacted standard procedures for the removal of unauthorized encampments, camping equipment, and personal property left on city-owned property.  *Id.* at 884.  The Washington State Department of Transportation adopted

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

guidelines instituting similar removal procedures.  The plaintiffs brought a class action on behalf of approximately 2,000 putative members alleging that both entities engaged in a policy and practice of "sweeps" that destroyed property in violation of the Fourth Amendment.  *Id.*  The district court, however, determined the plaintiffs failed to sufficiently establish the existence of a practice that applied uniformly to all proposed class members that was subject to resolution in a single action, despite providing "voluminous declarations, photographs, and videos" as support.  *Id.*  The Ninth Circuit agreed, stating that "[d]espite the broad allegations in their complaint, there [wa]s no evidence that every Appellant ha[d] experienced the same challenged practice or suffered the same injury due to the implementation of the [guidelines]."  *Id.* at 885.

Unlike *Willis*, Plaintiff here did not even attempt to provide any evidence, and therefore the current motion – with non-existent evidence – is even less viable than the one considered by the court in *Willis*. But as in *Willis*, Plaintiff's failure to establish commonality is another reason to deny the Motion.

### iii.    Typicality

Plaintiff must also establish his claims are "typical" of those of the class.  Fed. R. Civ. P. 23(a)(3).  The typicality inquiry turns on whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiff, and whether other class members have been injured by the same course of conduct.  *Hanon v. Dataproducts Corp.,* 976 F.2d 497, 508 (9th Cir. 1992). Representative claims must be reasonably co-extensive with those of absent class members, but need not be substantially identical.  *Hanlon v. Chrysler Corp*., 150 F.3d 1011, 1020 (9th Cir. 1998), abrogated on other grounds in *Dukes*, 564 U.S. 338.   Here, Plaintiff has not provided any evidence about how many class members have been subject to the same enforcement as Plaintiff Jacobs, whether the enforcement the class members purportedly violated the Eighth Amendment's excessive fines clause or the Fourth Amendment, and whether the class members have experienced similar injuries as Plaintiff

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR CLASS CERTIFICATION

Jacobs.

Indeed, Plaintiff's second proposed class is not limited to those who allege injury under the challenged ordinance. Commonality cannot be established for class members who did not face any enforcement, as their claims do not depend on a common contention capable of class-wide resolution. Plaintiff similarly has not established that his claims are typical of other putative class members.  It is impossible to determine whether any class member has been subject to enforcement under the ordinance, and whether the enforcement was unconstitutional in the manner alleged by Plaintiff (under the Eighth Amendment's excessive fine clause and the Fourth Amendment).

Plaintiff's failure to show that his claims are typical of the class provides a separate reason to deny the Motion.

### iv.    Adequacy of the Class Representative and Class Counsel

A class representative and class counsel must also be able to "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4).   In determining adequacy, courts resolve two questions: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Hanlon*, 150 F.3d at 1020. Here, Plaintiff's counsel, Stephen Yagman, cannot fairly and adequately represent the class.  In 2007, Mr. Yagman was "convicted of multiple felonies for evading federal income taxes, bankruptcy fraud, and money laundering" and was later suspended or disbarred in multiple jurisdictions. *In re Yagman*, 38 F.4th 25, 27 (9th Cir. 2022) (denying Yagman reinstatement to the bar of the United States Court of Appeals for the Ninth Circuit).   The 2007 felony conviction was preceded by other instances of attorney discipline.  In 1989, Mr. Yagman was "suspended for six months in California for seeking an unconscionable fee and for improperly pressuring a client not to settle." *Id*.  And in 1998, Yagman "was again suspended for a year for charging clients an unconscionable fee by taking both a contingency fee percentage and court-awarded fees, among other related

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

1   misconduct." *Id.*  Significantly, Mr. Yagman is not licensed to practice in the Ninth Circuit
2   and cannot represent any class interest on appeal.  *Id.*  He is therefore not an adequate class
3   counsel.

### C. Plaintiff Cannot Maintain a Damages Class or an Injunctive Relief Class

5   *Even if* Plaintiff could establish his proposed class action meets the requirements of
6   Rule 23(a), Plaintiff must also separately meet the requirements of Rule 23(b).  *See supra*
7   § III.  But Plaintiff does not meet any of these requirements.

### i. Damages Class

9   Plaintiff seeks certification of a damages class under Rule 23(b)(3).  Dkt. 82 (Am.
10  Mot.) at 20.  Under this rule, class certification is appropriate if common questions of law
11  or fact "predominate over any questions affecting only individual members," and if a class
12  action offers a superior method of resolving the dispute. Fed. R. Civ. P. 23(b)(3).  The
13  party seeking class certification bears the burden of showing that these requirements are
14  met.  *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011).  Here,
15  Plaintiff fails to show both predominance and superiority.

### a. Predominance

17  A showing of predominance is "far more demanding" than the commonality
18  requirement of Rule 23(a)(2) (*Amchem Prods.,* 521 U.S. at 623-24), and "calls upon courts
19  to give careful scrutiny to the relation between common and individual questions." *Tyson
20  Foods, Inc. v. Bouaphakeo*, 577 U.S. 442, 453 (2016).  Predominance exists when
21  common issues—those "susceptible to general, class-wide proof"—are "more prevalent
22  or important" than individual questions, for which class members "will need to present
23  evidence that varies from member to member." *Id.* at 1045 (citations omitted).  Plaintiff
24  must also demonstrate that "damages are capable of measurement on a classwide basis."
25  *Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013).  This requires plaintiff to present a
26  damages model consistent with his theory of liability. *Id.* at 35.  While "[c]alculations
27  need not be exact," the model must measure only those damages attributable to plaintiffs'

28

theory of liability.  *Id.*  For a single model to apply, the "'fact of damages,' which is essentially a threshold question of causation and injury in fact," must be common to the class.  *See Lucas*, 212 F. Supp. 3d at 970.

Here, Plaintiff does not establish he meets the predominance requirement.  Most importantly for a damages class, Plaintiff does not articulate what injury in fact is common to the class and how it can be measured classwide.  Indeed, it is unclear if under Plaintiff's proposed definition, a class member needed to have suffered an injury.  *See* Dkt. 82 (Am. Motion) at 23. Plaintiff further disputes that a damages model is necessary.  *See* Dkt. 82 (Am. Motion) at 10.

Furthermore, individualized issues predominate over common questions, such as what belongings, if any, were seized, which subsection of the challenged ordinance was enforced against the individual, and the circumstances of the enforcement.  Plaintiff's failure to establish predominance requires denial of a damages class.

### b.    Superiority

The superiority requirement is intended to ensure that a "class action is the most efficient and effective means of resolving the controversy"; that is, courts must decide whether proceeding with a class action would be fair and efficient.  *Wolin v. Jaguar Land Rover N. Am.*, 617 F.3d 1168, 1175 (9th Cir. 2010).  Rule 23 lists factors relevant to the decision whether a class action is superior: the interest of members of the class in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against the members of the class; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the difficulties likely to be encountered in the management of a class action (generally referred to as its "manageability").  *See* Fed. R. Civ. Proc. 23(b)(3)(A)-(D).

Here, a class is not a superior method.  The interest of the members of the class to individually control the prosecution of the action is strong.  Some class members may

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

contend they suffered sizable damages or have lost something of intrinsic value, thereby having an emotional stake in the litigation, which is relevant when considering a class member's interest to individually control the case. *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 624-625 (1997). Moreover, a class action here would likely be unmanageable. The need to delve into individual issues for—according to Plaintiff—a class of 42,000 individuals makes a class action not the most efficient and effective method to litigate the damages claims.

### ii. Injunctive Relief Class

Plaintiff seeks certification of an injunctive relief class under Rule 23(b)(2). Dkt. 82 (Am. Motion) at 22-23. A class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). And a class may be certified under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).

As an initial matter, the law is clear that certification under Rule 23(b)(1)(A) or 23(b)(2) is appropriate only where the primary relief sought is declaratory or injunctive relief. *Zinser v. Accufix Research Inst., Inc.,* 253 F.3d 1180, 1193, 1195 (9th Cir. 2001). Here, Plaintiff seeks to certify the same classes for injunctive relief as for damages. *See* Dkt. 82 (Am. Mot.). It is clear from Plaintiff's operative complaint that this action is primarily one for damages. For example, in his Prayer for Relief, Plaintiff prioritize his requests for compensatory damages in sums in excess of $1,000,000 exclusive of costs and interest, and  sees punitive damages of not less than $1,000,000 per defendant. Dkt. 41 (FAC) at 29-30. Plaintiff does not request any declaration, and although he mentions a request for injunctive relief, he does not provide any other detail about the injunctive relief he seeks with respect to the challenged ordinance. *See id.* Because Plaintiff

primarily seeks damages, denial of certification under Rule 23(b)(1)(A) or 23(b)(2) is proper. *See Zinser,* 253 F.3d at 1193, 1195 (denying certification of a medical monitoring subclass under Rule 23(b)(1)(A) and Rule 23(b)(2) because the medical monitoring claim primarily sought monetary damages).

In addition, Plaintiff does not even try to justify certification of an injunctive relief class under Rule 23(b)(1)(A) or 23(b)(1)(B). *See* Dkt. 82 (Am. Motion) at 22-23. Nor could he. Under subdivision (A), a plaintiff must make a showing that "different results in separate actions would impair [Defendants'] ability to pursue a uniform continuing course of conduct." *Zinser,* 253 F.3d at 1193. Here, in dismissing the *Monell* claim, the Court has ruled that Plaintiff has not alleged a uniform policy, so any judgment in this case will affect only particular enforcement. *See* Dkt. 70 (06/20/24 Order) at 3. Under subdivision (B), a plaintiff must make a showing that the individual action "inescapably will alter the substance of the rights of others having similar claims," such as actions attacking the reorganization of a fraternal benefit society or actions by shareholders to declare a dividend. *Zinser,* 253 F.3d at 1196 (internal quotation marks omitted); *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833-34 (1999). Here, any ruling in favor of Plaintiff seeking primarily damages would not inescapably alter the rights of others.

In apparent recognition that Plaintiff cannot obtain certification under Rule 23(b)(1), Plaintiff focuses exclusively on Rule 23(b)(2). *See* Dkt. 82 (Am. Motion) at 22-23. Setting aside that certification under Rule 23(b)(2) is not appropriate for actions such as this one, seeking primarily damages, certification under Rule 23(b)(2) is appropriate only "when a single injunction or declaratory judgment would provide relief to each member of the class." *Dukes*, 564 U.S. at 360. Certification should not be granted if "each individual class member would be entitled to a different injunction or declaratory judgment." *Id.* "A Rule 23(b)(2) certification is inappropriate when the district court must make individual determinations of class membership, liability and appropriate remedies." *Rutter*, Ch. 10-C, ¶ 10:400.4 (citing *Jamie S. v. Milwaukee Pub. Schools*, 668 F.3d 481,

16

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION

499 (7th Cir. 2021)).

Here, Plaintiff does not show that a single injunction would provide relief to each member of the class and, in fact, has never even proposed an injunction with respect to the challenged ordinance.  Thus, his request for an injunctive relief class is not proper and should be denied.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Amended Motion for Class Certification.


DATED:  August 19, 2024            Respectfully submitted,

                                   HYDEE FELDSTEIN SOTO, City Attorney
                                   DENISE C. MILLS, Chief Deputy City Attorney
                                   KATHLEEN KENEALY, Chief Assistant City
                                   Attorney
                                   GABRIEL S. DERMER, Assistant City Attorney
                                   EMERSON H. KIM, Deputy City Attorney

                          By:  */s/ Gabriel Dermer*
                                   GABRIEL S. DERMER, Assistant City Attorney
                                   EMERSON H. KIM, Deputy City Attorney
                                   Attorneys for Defendants

DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION
FOR CLASS CERTIFICATION