HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN A. KENEALY, Chief Assistant City Attorney (SBN 212289)
**GABRIEL S. DERMER Assistant City Attorney (SBN 229424)**
**EMERSON H. KIM, Deputy City Attorney (SBN 285142)**
200 North Main Street, 8th Floor, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 978-7561
Email: Gabriel.Dermer@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBS, individually and as a representative of a class,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MICHAEL GARCETTI, et al.<br><br>Defendants. | No. 2:22-cv-08010-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed: November 2, 2022<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF JACOBS'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION**<br><br>Date: September 9, 2024<br>Time: 8:30 a.m.<br>Ctrm: 10A, Santa Ana |

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................... 1

II.  FACTUAL AND PROCEDURAL BACKGROUND ............................................ 2

III. LEGAL STANDARD ..................................................................................... 3

IV.  ARGUMENT ................................................................................................ 5

    A.   Plaintiff Fails to Establish The Elements Required to Attain Injunctive Relief. ........................................................................................... 5

        i.   Plaintiff Will Not Succeed on the Merits Of Either Of His Two Remaining Claims …………………………………………………..5

        ii.  There Is No Threat of Imminent, Irreparable Harm. 7

        iii. The Balance of Equities and Public Interest Support Denying Injunctive Relief……………………………………………………..9

    B.   Declaratory Relief Is Improper. .................................................................. 9

III. CONCLUSION ............................................................................................ 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Austin v. United States*,
   113 S.Ct. 2801 (1993) .................................................................................... 10

*Boring v. Murillo*,
   CV 21-07305-DOC-KES, 2023 WL 6851733 (C.D. Cal. Sept. 19, 2023) .................... 6

*Boring v. Murillo*,
   CV-21-07305-DOC-KES, 2022 WL 14740244 (C.D. Cal. Aug. 11, 2022) .............. 7, 8

*Caribbean Marine Services Co., Inc. v. Baldrige*,
   844 F.2d 668 (9th Cir. 1988) ............................................................................ 5

*City of Grants Pass, Oregon v. Johnson, et al.*,
   144 S.Ct. 2202 (2024) ...................................................................................... 6

*City of Los Angeles v. Lyons*,
   461 U.S. 95 (1983) .............................................................................. 5, 11, 12

*Coalition for Econ. Equity v. Wilson*,
   122 F.3d 718 (9th Cir. 1997) ............................................................................ 6

*Disney Enters. v. VidAngel, Inc.*,
   869 F.3d 848 (9th Cir. 2017) ............................................................................ 6

*Garcia v. Google, Inc.*,
   786 F.3d 733, (9th Cir. 2015) ......................................................................... 12

*Gov't Emps. Ins. Co. v. Dizol*,
   133 F.3d 1220 (9th Cir. 1998) ........................................................................ 14

*Martin v. City of Boise*,
   920 F.3d 584 (9th Cir. 2019) ............................................................................ 7

*Mazurek v. Armstrong*,
   520 U.S. 968 (1997) ......................................................................................... 4

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION

*Midgett v. Tri-County Metro. Transp. Dist. of Oregon*,
 254 F3d 846 (9th Cir. 2001) ...........................................................................................11

*Munns v. Kerry*,
 782 F.3d 402 (9th Cir. 2015) ............................................................................................5

*Stormans, Inc. v. Selecky*,
 586 F.3d 1109 (9th Cir. 2009) ........................................................................................13

*Tee Turtle, LLC v. Kellytoy Worldwide, Inc.*,
 522 F. Supp. 3d 695 (C.D. Cal. 2021) ..............................................................................4

*Winter v. Natural Resources Defense Council, Inc.*,
 555 U.S. 7 (2008).................................................................................................. 3, 4, 5, 10

**Statutes**

LAMC § 41.18......................................................................................................... *passim*

U.S. Const. amend. IV ........................................................................................................6, 7

ii

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELMINARY INJUNCTION

## I. INTRODUCTION

Plaintiff David Jacobs has essentially renewed his February 2024 motion (ECF No. 35), asking the Court to declare the entirety of Los Angeles Municipal Code Section 41.18 ("LAMC § 41.18") unconstitutional both on its face and as-applied, and enjoin the City from enforcing its provisions, which prevent sitting, lying, or sleeping in certain situations, including within 500 feet of a school or day care center.[1] (*See* ECF No. 83.) However, this motion fares far worse this time around since it is based on claims that have already been dismissed.

Since Plaintiff last filed this motion in February 2024 [*see* ECF No. 35], the Court dismissed with prejudice all but two of Plaintiff's claims (the Eighth Amendment Excessive Fines claim, and the Fourth Amendment Property Seizure claim). (*See* ECF No. 70 [June 20, 2024 Order Granting In Part and Denying In Part Motion to Dismiss]). Despite that, Plaintiff refiled exactly the same motion he already filed in February 2024, which makes no mention of excessive fines or the Fourth Amendment, and fails to address either of these two surviving claims at all – much less with non-conclusory evidentiary support necessary to obtain a preliminary injunction. Just as when it was filed in February 2024, this motion instead focuses on conclusory statements about *Martin*'s (now-abrogated) ruling relating to the Cruel and Unusual Punishment clause, and snippets from other cases addressing the Fourteenth Amendment Equal Protection and Due Process clauses. *See, e.g.,* Pl.'s Mot. 9:14-21, 12:15-28, 13:25-14:27. It goes without saying that Plaintiff cannot make the requisite showing of likelihood of success on the merits of claims that have already been dismissed.

If Plaintiff's filing of a motion based on dismissed claims were not bad enough,

---

[1] Despite receiving several warnings, outreach efforts, and informational flyers (which outline the enforcement of LAMC § 41.18(e) and include housing, mental health, and substance abuse hotlines), Plaintiff refuses to stay away from an elementary school. After rejecting such outreach efforts, Plaintiff asks the Court to enjoin the ordinance so that he can continue to live wherever he wants.

1
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION

Plaintiff does not offer any supporting declarations, nor does he provide any specificity to show imminent and irreparable harm if the Court does not grant Plaintiff's requested injunctive relief. Plaintiff fails to explain why he – or any other unhoused individual – *must* stay within 500 feet of a school or in another zone in violation of LAMC § 41.18, and how moving elsewhere will lead to irreparable harm. Nor does Plaintiff substantively address the balance of equities and public interest factors.

Having failed to establish any of the necessary elements for the requested injunctive and declaratory relief, Plaintiff's motion should be denied in its entirety.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On October 17, 2022, Senior Lead Officer Monique Contreras cited Plaintiff for violating LAMC § 41.18(e).[2] (ECF No. 15-2.) Plaintiff was within 500 feet of Westminster Avenue Elementary School. (ECF No. 15-3 at 1.)

This was not Plaintiff's first encounter with LAPD over LAMC § 41.18(e). Officer Contreras is familiar with Plaintiff. (*Id.* at 1.) Plaintiff has been given verbal warnings about being within 500 feet of the school and thus was violating LAMC § 41.18(e). (*Id.*) On two separate occasions, he received an informational flyer regarding the enforcement of the ordinance and contact information for housing, mental health, and substance abuse services. (*Id.*; ECF No. 15-4 (copy of informational flyer).) The warnings were provided to Plaintiff on September 22 and October 4 before being cited on October 17. (ECF No. 15-3 at 1.) He received subsequent warnings on October 19 and October 22 but continued to refuse to move. (*Id.*) On November 3, LAPD arrested Plaintiff for his ongoing violation of LAMC § 41.18(e) and cited him for a misdemeanor. (*Id.* at 1, 3.)

---

[2] LAMC § 41.18(e) states the following: "No person shall sit, lie, sleep, or store, use, maintain, or place personal property, in or upon any street, sidewalk, or other public property within 500 feet of a School or Day Care Center as those terms are defined in Section 105.01 of this Code. A violation of this subsection is governed by Section 41.18(f) of this Code."

1 | Officer Contreras received complaints about Plaintiff from parents walking their
2 | children to the elementary school. (*Id.*) Despite LAHSA outreach workers visiting this
3 | location every Thursday, and Officer Contreras requesting assistance from the St. Joseph
4 | Center and the Mayor's Crisis and Incident Response through Community-Led
5 | Engagement (CIRCLE) program, but Plaintiff consistently refused such outreach. (*Id.*)

6 | On November 2, 2022, Plaintiff filed the instant action. (ECF No. 1) On
7 | November 6, 2022, Plaintiff filed his motion seeking declaratory and injunctive relief.
8 | (ECF No. 12.) On November 14, 2022, Defendants filed their opposition and supporting
9 | exhibits to which Plaintiff replied one week later. (ECF Nos. 15, 16.) On February 9,
10 | 2023, the Court heard oral arguments and took the motion under submission. (ECF No.
11 | 22.) On December 18, 2023, the Court referred Plaintiffs' motion to Magistrate Judge
12 | Scott for a report and recommendation. (ECF No. 24.) After receiving the report and
13 | recommendation and Plaintiff's nonobjection, the Court accepted the findings and denied
14 | Plaintiff's motion without prejudice on February 7, 2024. (ECF Nos. 31-33.)

15 | Thereafter, on February 19, 2024, Plaintiff filed "the same virtual motion" that
16 | was previously filed seeking a preliminary injunction and declaratory relief. (ECF No.
17 | 35.)

18 | Subsequently, on June 20, 2024, the Court granted the City's motion to dismiss
19 | (ECF. No. 43) in part, dismissing 14 of Plaintiff's claims, and leaving just two remaining
20 | claims: Claim 13 (Eighth Amendment Excessive Fines), and Claim 17 (Fourth
21 | Amendment Property Seizure). (ECF No. 70.)

22 | Plaintiff has now again filed the "same virtual motion" that he filed twice before
23 | seeking a preliminary injunction and declaratory relief. (Pl.'s Mot. 2:3-5.)

24 | **III.   LEGAL STANDARD**

25 | A preliminary injunction issued prior to a trial on the merits and final judgment is
26 | "an extraordinary remedy that may only be awarded upon a clear showing that the
27 | plaintiff is entitled to such relief" and is "never awarded as of right." *Winter v. Natural*

3

1  *Resources Defense Council, Inc.*, 555 U.S. 7, 22-23 (2008); *see also Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) ("It frequently is observed that a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.").  To obtain preliminary injunctive relief, the moving party must make a "clear showing" that (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of the preliminary relief; (3) the balance of equities tip in its favor; and (4) an injunction is in the public interest.  *See Winter*, 555 U.S. 7 at 20.  Although it does not require evidence that strictly complies with the Federal Rules of Evidence, "[t]his 'clear showing' requires factual support beyond the allegations of the complaint". *Tee Turtle, LLC v. Kellytoy Worldwide, Inc.*, 522 F. Supp. 3d 695, 705 (C.D. Cal. 2021)(citation omitted).

A preliminary injunction may not be granted based on a "possibility" of irreparable harm, even if plaintiff demonstrates a strong likelihood of prevailing on the merits.  *Winter,* 555 U.S. at 22.  This is because injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Id.*  Plaintiff must also demonstrate "immediate threatened harm." *Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  A plaintiff seeking an injunction based on alleged past wrongs must show there is a real and immediate threat that they will be wronged again: "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (internal quotes omitted); *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015).

///
///
///
///

## IV. ARGUMENT

### A. Plaintiff Fails to Establish the Elements Required to Attain Injunctive Relief.

#### i. Plaintiff Will Not Succeed on the Merits of Either of His Two Remaining Claims.

"Likelihood of success on the merits 'is the most important' *Winter* factor; if a movant fails to meet this 'threshold inquiry,' the court need not consider the other factors in the absence of 'serious questions going to the merits.'" *Disney Enters. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citations omitted). "[A] plaintiff's burden is particularly heavy when it seeks to enjoin enforcement of state and local laws, as it is clear that a government agency suffers irreparable injury whenever an enactment of its people or their representatives is enjoined." *Boring v. Murillo*, CV 21-07305-DOC-KES, 2023 WL 6851733, at *15 (C.D. Cal. Sept. 19, 2023) (quoting *Coalition for Econ. Equity v. Wilson*, 122 F.3d 718, 719 (9th Cir. 1997))(internal quotation marks omitted).

Despite having the heavy burden to prove that injunctive relief is proper, Plaintiff makes no effort to proffer any evidence, specific facts, or analysis to show that he is likely to succeed on the merits of his facial and as-applied challenge to the constitutionality of LAMC § 41.18 under either of Plaintiff's two remaining claims. Instead, Plaintiff's motion focuses exclusively on claims the Court has already dismissed with prejudice. *See, e.g.,* Pl.'s Mot. 13:21-24 ("Plaintiffs both have stated and sustained both Fourteenth Amendment and Eighth Amended claims, and there is a likelihood of plaintiffs succeeding on the merits."). Indeed, Plaintiff's renewed motion relies on proffering the same snippets of *Martin v. City of Boise*, 920 F.3d 584 (9th Cir. 2019) and *Boring v. Murillo*, CV-21-07305-DOC-KES, 2022 WL 14740244 (C.D. Cal. Aug. 11, 2022) as his prior motion. This time around, they are even less helpful for Plaintiff. While Plaintiff puts much stock in this Court's August 11, 2022 order in *Boring v.*

1  *Murillo*, that decision does not address either of Plaintiff's two remaining claims.³  Nor
2  does *Martin*, which is even less appropriate to rely on after it was abrogated by the
3  Supreme Court's recent opinion in *City of Grants Pass, Oregon v. Johnson, et al.*, 144
4  S.Ct. 2202 (2024), which held that the challenged ordinances – which restricted camping
5  in public spaces – did not constitute cruel and unusual punishment prohibited by the
6  Eighth Amendment when applied to individuals experiencing homelessness, even if
7  homelessness was involuntary. *See City of Grants Pass, Oregon v. Johnson*, 144 S.Ct.
8  2202, 2215–2226 (2024).

In sum, Plaintiff offers only conclusory statements about the likelihood of success on the merits of claims that are no longer at issue. *See, e.g.,* Pl.'s Mot. 13:21-24;15:24 ("Plaintiffs are likely to succeed on the merits . . ."), 18:24-25 ("Plaintiffs have demonstrated that plaintiffs are entitled to a preliminary injunction.").  Without even addressing either of the surviving claims that have not already been dismissed by this Court, Plaintiff has unquestionably failed to carry his heavy burden to show likelihood of success on the merits of either one.

Even if Plaintiff had addressed the two claims that are still at issue (Excessive Fines under the Eight Amendment, and Property Seizure under the Fourth Amendment), he could not show a likelihood of success on the merits.  As to the Fourth Amendment, Plaintiff has offered no facts or evidence to support his claim that his property was seized pursuant to LAMC § 41.18 and within the meaning of the Fourth Amendment, nor that even if such a seizure occurred, the seizure was unreasonable, which would be necessary to succeed on this claim. *See* U.S. Const. amend. IV.  On the contrary, even if Plaintiff could show property was seized within the meaning of the Fourth Amendment,

---

³ Even if it did, the Court noted in its order in *Boring* important facts about the Santa Barbara ordinance – as alleged – that are in stark contrast to LAMC § 41.18, including the Santa Barbara ordinance's alleged "commercial focus" as opposed to a focus on public health and safety, and Santa Barbara's apparent total "ban [o]n homeless people [] ever sitting down when the City has left them with no alternative". *See Boring v. Murillo*, 2022 WL 14740244, at *4-5.

6
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION

and that such seizure occurred pursuant to the challenged ordinance, various features of the ordinance and its application to Plaintiff – including the multiple instances of advance notice provided to Plaintiff, and the ordinance's focus on public health and safety – would negate a finding that any seizure was unreasonable.  For example, as evidenced by, in part, subsection (c) of LAMC § 41.18, the ordinance focuses on public health and safety: "In order to designate a section of street, sidewalk, or other public right-of-way as prohibited . . . the City Council shall determine . . . that the circumstances . . . at that location poses a particular and ongoing threat to public safety." *Id*.  ("Such circumstances may include, but are not limited to: (i) the death or serious bodily injury . . . (ii) repeated serious or violent crimes . . . or (iii) occurrence of fires.."). In light of Plaintiff's failure to submit any evidence demonstrating that his property (or any unhoused individual's property) was seized pursuant to LAMC § 41.18, as well as the important public health and safety concerns addressed by enforcement of LAMC § 41.18, Plaintiff cannot establish a likelihood of success on his Fourth Amendment claim.

Likewise, even if Plaintiff had addressed his likelihood of success on his Excessive Fines Claim under the Eighth Amendment (as opposed to the already-dismissed Cruel and Unusual Punishment Claim), he would not be able to show a likelihood of success.  The Eighth Amendment's prohibition on excessive fines applies only to limit the government's power to extract monetary payment or forfeiture of property "as 'punishment for some offense.'" *See Austin v. United States*, 113 S.Ct. 2801, 2805 (1993).  Rather than a "punishment for some offense," enforcement of LAMC § 41.18 is focused on addressing the health and safety concerns attendant to the prohibited conduct of sitting, lying, or sleeping in certain locations, and does not even address the removal of property – much less as a punishment for some offense.

On this record, the Court should deny Plaintiff's request for injunctive relief.'

### ii. There Is No Threat of Imminent, Irreparable Harm.

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Establishing a risk of irreparable harm in the indefinite future is not enough; a plaintiff must show that the harm is imminent. *Midgett v. Tri-County Metro. Transp. Dist. of Oregon*, 254 F3d 846, 850-851 (9th Cir. 2001). And "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . ." *Lyons*, 461 U.S. at 102.

Here, without any supporting declaration, the motion speculates that "[h]omeless people, such as plaintiff Jacobs, undoubtedly suffer emotional injuries, psychological distress, and risk suicide by not being able to reside without fear of defendants' ordinance being enforced against them, and this constitutes irreparable harm, in violation (sic) federal civil rights." *See* Pl.'s Mot. at 16:23-27. Yet, in Plaintiff's case, the reality is that Plaintiff first received notice of LAMC § 41.18(e)'s enforcement on September 22, 2022 (ECF No. 15-3 at 1) and was thereafter given multiple warnings and was provided, on two separate occasions, with an informational flyer regarding the enforcement of the ordinance and contact information for housing, mental health, and substance abuse services. (*Id.*; ECF No. 15-4 (copy of informational flyer).) Despite the outreach about these options, and the notice provided to Plaintiff regarding enforcement of the ordinance, Plaintiff continued to refuse to move out of a zone where sitting, lying, and sleeping is prohibited under LAMC § 41.18. (ECF No. 15-3 at 1.) Plaintiff was thereafter subsequently cited for his intentional and ongoing violation of LAMC § 41.18(e). (*Id.* at 1, 3.) Even assuming *arguendo* that Plaintiff's citation from 2022 amounts to a past wrong, "[p]ast exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief." *Lyons*, 461 U.S. at 102.[4]

Moreover, Plaintiff cannot show the necessary irreparable harm – much less

---

[4] Moreover, unreasonable delay may undercut a movant's claim of irreparable injury. *Garcia v. Google, Inc.*, 786 F.3d 733, 746, (9th Cir. 2015).

obtain a preliminary injunction – by relying on the notion that he or any other unhoused individual can continue to live anywhere he wants while refusing housing, mental health, and substance abuse services. As this Court already informed Plaintiff's counsel, such a position is untenable. *See* ECF No. 36-2 (Kim Decl. Ex. 1 (Feb. 9, 2023 H'rg Tr. 34:10-13 ("So you and I will find ourselves in a constant situation of me ruling against you if your position is that the homeless have the right to live any place on the street that they choose where shelter is being provided.").)

As such, the Court should deny Plaintiff's request for injunctive relief, as he has failed to show imminent and irreparable injury.

### iii. The Balance of Equities and Public Interest Support Denying Injunctive Relief.

The last two *Winter* factors also do not support an injunction. The balance of equities and public interest factors weigh in Defendants' favor. As this Court is aware, the City is cognizant of the crises facing the unhoused. LAMC § 41.18 is not a citywide, blanket ban on sitting, lying, or sleeping in every corner of the City. It is limited to designated locations—consistent with what this Court identified in *Boring* and the Ninth Circuit's ruling in *Boise*—that are being protected out of health and safety concerns. Plaintiff's requested injunction would increase the very health and safety risks that LAMC § 41.18 is intended to guard against, including risks to those with disabilities having their passage impeded, or to children attending schools and day care centers. "When an injunction is asked which will adversely affect a public interest . . . the court may in the public interest withhold relief until a final determination of the rights of the parties . . . ." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1139 (9th Cir. 2009) (quotation marks omitted).

As such, the Court should deny Plaintiff's request for injunctive relief, as both factors weigh in favor of Defendants.

**B.     Declaratory Relief Is Improper.**

9
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY RELIEF AND PRELIMINARY INJUNCTION

Plaintiff asserts he is "entitled to the declaratory relief that the subject ordinance is unconstitutional, both on its face and as applied . . . ." Pl.'s Mot. 15:12-15. A lawsuit seeking federal declaratory relief must fulfill statutory jurisdictional prerequisites. If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, for the Declaratory Judgment Act is deliberately cast in terms of permissive rather than mandatory authority. "The Act gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222-23 (9th Cir. 1998) (citations omitted).

Here, Plaintiff has not proffered any evidence to support the conclusion that LAMC § 41.18 is unconstitutional facially or as applied. He does not support the Motion with any evidence that any enforcement of the ordinance amounts to an excessive fine, nor that it results in unreasonable seizures in violation of the Fourth Amendment. In fact, the plain language of LAMC § 41.18 shows otherwise. As applied, Plaintiff submits no evidence that the unhoused are cited or impounded at a greater level than others to support arbitrary enforcement.

As such, Plaintiff's request for declaratory relief fails.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion for Declaratory Relief and Preliminary Injunction in its entirety.

///
///
///
///
///
///
///

DATED: August 19, 2024    Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney

By: */s/ Gabriel Dermer*
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney
Attorneys for Defendants