STEPHEN YAGMAN (SBN 69737)
filing@yagmanlaw.net
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiffs and
Putative Class Members

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| DAVID JACOBS, *etc.*, <br><br> Plaintiffs, <br><br> v. <br><br> ERIC MICHAEL GARCETTI, *et al.*, <br><br> Defendants. | 2:22-cv-08010-DOC(KESx) <br><br> **REPLY ON MOTION FOR PRELIMINARY INJUNCTION** <br><br><br> Mag. Judge Karen E. Scott |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

Only one thing needs to be stated in reply, and that is:

Defense counsel did not adequately address that on May 21 Judge Carter issued an order accepting the Mag. Judge's May 3 report and recommendation on the issues presented in the instant motion, Doc. 58, and plaintiff three times (on the first occasion, the Judge's system for responding to materials submitted to his email was not functioning) submitted the requested order (because the one originally filed did not comply with Fed. R. Civ. P. Rule 65 -- the order submitted on the instant motion does comply), Docs. 64 & 65; all of these papers are attached hereto; and the court should rule as it previously ruled and grant the requested relief.

Respectfully submitted,

**YAGMAN + REICHMANN,LLP**

By: _____

**STEPHEN YAGMAN**

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 3 of 19   Page ID
#:720
Case 2:22-cv-08010-DOC-KES   Document 58   Filed 05/03/24   Page 1 of 8   Page ID
#:505

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10

11   D. JACOBS, as representative of a          Case No. 2:22-cv-08010-DOC-KES
12   class of unhoused persons who reside
13   in Los Angeles,                            REPORT AND RECOMMENDATION
                                                OF U.S. MAGISTRATE JUDGE
14            Plaintiff,
15       v.
16   ERIC MICHAEL GARCETTI, et al.,
17            Defendants.
18
19

20       This Report and Recommendation ("R&R") is submitted to the Honorable

21   David O. Carter, United States District Judge, pursuant to the provisions of 28

22   U.S.C. § 636 and General Order 05-07 of the United States District Court for the

23   Central District of California.

24       The District Judge asked the Magistrate Judge to address "the issues of

25   whether moving plaintiffs properly served the defendants they seek to

26   preliminarily enjoin [via their motion at Dkt. 35] and whether moving plaintiffs

27   have properly established personal jurisdiction over said defendants." (Dkt. 40.)

28

                                     1

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 4 of 19   Page ID
#:721
Case 2:22-cv-08010-DOC-KES   Document 58   Filed 05/03/24   Page 2 of 8   Page ID
#:506

# I.

## RELEVANT PROCEDURAL HISTORY

Plaintiff D. Jacobs ("Plaintiff") initially filed this action in November 2022. (Dkt. 1.) Plaintiff is an unhoused man, seeking to represent a class of unhoused persons living on City of Los Angeles (the "City") streets. (Id. at ¶ 3.) He challenges the constitutionality of Los Angeles Municipal Code ("LAMC") § 41.18 both facially and as applied to him. LAMC § 41.18 prohibits, among other things, obstructing a street or sidewalk by "sitting, lying, or sleeping or storing, using, maintaining, or placing personal property" in a manner than impedes passage or near driveways, building entrances, or fire hydrants. (Dkt. 1 at ¶ 6.)

### A.   The First PI Motion.

Shortly after filing the initial Complaint, Plaintiff moved for a preliminary injunction ("PI"). (Dkt. 12.) Certain defendants opposed that PI motion, raising as one argument that Plaintiff never served them with process, such that the district court lacked personal jurisdiction. (Dkt. 15.) It is well-settled that a district court must have personal jurisdiction over a party before it can enjoin his or her actions. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 111-12 (1969); Zepeda v. United States I.N.S., 753 F.2d 719, 727 (9th Cir. 1983); Wallace v. Los, No. 19-06128-FMO-GJS, 2019 U.S. Dist. LEXIS 233406 at *3, 2019 WL 10351538 at *1 (C.D. Cal. Sept. 6, 2019) ("Moreover, no Defendant has been served with process in this action, and thus, the Court lacks personal jurisdiction over anyone against whom injunctive relief may issue.").

On February 7, 2024, the Court issued an order, denying the initial PI motion without prejudice due to lack of service, authorizing Plaintiff to file a First Amended Complaint ("FAC"), and extending Plaintiff's deadline to accomplish service until April 8, 2024. (Dkt. 33 at 2.)

### B.   The Second PI Motion.

On February 19, 2024, Plaintiff filed his second PI motion . (Dkt. 35.) On

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 5 of 19    Page ID
#:722
Case 2:22-cv-08010-DOC-KES    Document 58    Filed 05/03/24    Page 3 of 8    Page ID
#:507

1  February 26, 2024, an attorney with the Los Angeles City Attorney's Office,

2  Emerson Kim, filed an opposition, arguing that Plaintiff had still not served all the

3  defendants. (Dkt. 36 at 7-8.)  Mr. Kim declared, "I am aware of service of the

4  pleadings on Defendants John Lee, Kevin De Leon, Monica Rodriguez, and

5  Monique Contreras in their official capacities." (Dkt. 36-1, ¶ 2.)  Also, Attorney

6  Kim declared, "I am … aware of an attempted service of pleadings (naming former

7  Mayor Eric Garcetti) on Mayor Karen Bass." (Dkt. 36-1 ¶ 2.)  Finally, he declared

8  he was unaware of any attempts of service on Mitch O'Farrell or his successor.

9  (Id.)

10        On March 4, 2024, Plaintiff's counsel responded, "Every and all named

11  defendants, except for Ridley-Thomas, have been served, and when the appropriate

12  time comes for to proofs of service to be filed (which has not yet come, and just

13  before any non-respondents' defaults are requested to be entered by the clerk), they

14  will be filed." (Dkt. 37 at 5.)  On March 8, the District Judge referred the dispute

15  over service to the Magistrate Judge. (Dkt. 40.)

16  **C.    The FAC and Motion to Dismiss.**

17        That same day, on March 8, 2024, Plaintiff filed his FAC. (Dkt. 41.)  Some

18  defendants (as discussed in more detail below) appeared and moved to dismiss the

19  FAC without contesting service or personal jurisdiction. (Dkt. 43.)

20        On March 10, 2024, Plaintiff filed a proof of service declaration from

21  process server A.W. Clark.  He declared that on February 13, 2024, he went to

22  Mayor Bass's office in City Hall and "substitute served Bass by leaving the

23  summons and complaint with Ms. [Luz] Portillo at 1:37 p.m." (Dkt. 42, ¶ 4.)

24  Clark also declared that on the same date, "Soto-Martinez came out of his office at

25  1:45 p.m., and grabbed the summons and complaint." (Id.)  This declaration refers

26  to the initial Complaint (Dkt. 1) and Summons (Dkt. 18) because the FAC had not

27  yet been filed.

28        On March 22, 2024, certain defendants moved under Rule 12(b)(6) to

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 6 of 19   Page ID
#:723
Case 2:22-cv-08010-DOC-KES   Document 58   Filed 05/03/24   Page 4 of 8   Page ID
#:508

1   dismiss the FAC.  (Dkt. 43.)

2   **D.      Supplemental Briefing.**

3          On April 10, 2024, the Magistrate Judge requested clarification from defense

4   counsel on four issues: (1) Do Defendants Mayor Karen Bass and Councilmember

5   Hugo Soto-Martinez contest that they were served with the original Summons and

6   Complaint in compliance with Rule 4?  (2) Do they contest that they have been

7   served with the original Summons and FAC in compliance with any applicable

8   provisions of Rule 4 or Rule 5?  (3) To the extent Plaintiff contends that they do

9   not need to be served, because they were substituted into this lawsuit to defend

10  official capacity claims only by operation of Rule 25(d), what is their response?

11  And (4) whether, as a result of the pending motion to dismiss the FAC (Dkt. 43),

12  all moving defendants waived any defects in service of process.  (Dkt. 49.)

13         On April 30, 2024, defense counsel filed the requested supplemental

14  briefing.  (Dkt. 55.)  That supplemental briefing stated: "Per Plaintiff's filing of the

15  proofs of service (ECF No. 42), Defendants do not challenge service of the

16  Summons and Complaint."  (Dkt. 55 at 2.)  That brief defines "Defendants" as

17  "Defendants Karen Bass (substituted for Eric Michael Garcetti by operation of law

18  under Fed. R. Civ. Proc. ('Rule') 25(d)), Paul Krekorian, Robert Blumenfield,

19  Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Hugo Soto-Martinez

20  (substituted for Mitch O'Farrell by operation of law under Rule 25(d)), Kevin De

21  Leon, and Monique Contreras."  (Dkt. 55 at 2.)

22                                          **II.**

23                                    **DISCUSSION**

24         To answer the District Judge's questions, the Magistrate Judge will address

25  the following four sub-questions:

26         (1) Who does the FAC name as a defendant?

27         (2) Which of those defendants has either been served or waived service?

28         (3) Who does the second PI motion (Dkt. 35) seek to enjoin from enforcing

                                            4

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 7 of 19    Page ID
#:724
Case 2:22-cv-08010-DOC-KES    Document 58    Filed 05/03/24    Page 5 of 8    Page ID
#:509

LAMC § 41.18?  In other words, who are the "PI Targets"?

(4) What overlap, if any, exists between categories (2) and (3)?

A. **Defendants Named in the FAC.**

The FAC, at paragraphs three and four, identifies the following eleven defendants:

| No. | Name | Capacity |
|-----|------|----------|
| 1 | Eric Michael Garcetti | Individual |
| 2 | Karen Bass | Official—Rule 25(d) |
| 3 | Paul Krekorian | Individual & Official |
| 4 | Robert Blumenfield | Individual & Official |
| 5 | Monica Rodriguez | Individual & Official |
| 6 | Marqueece Harris-Dawson | Individual & Official |
| 7 | John Lee | Individual & Official |
| 8 | Mitch O'Farrell | Individual |
| 9 | Hugo Soto-Martinez | Official—Rule 25(d) |
| 10 | Kevin De Leon | Individual & Official |
| 11 | Monique Contreras | Individual & Official |

From this point forward—unless otherwise noted—the word "defendants" refers to all eleven people listed in this chart.

1. **Explanations for Omissions From This List.**

a. No Individual Capacity Claims Against Mayor Bass and Councilmember Soto-Martinez, and No Official Capacity Claims Against Eric Garcetti and Mitch O'Farrell.

While the FAC names neither Karen Bass nor Hugo Soto-Martinez, it sues their predecessors in an official capacity and invokes Federal Rule of Civil Procedure 25(d), requesting that the predecessors be "replaced by operation of law." (FAC ¶¶ 3, 4.)  The Court, therefore, understands that only official capacity

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 8 of 19   Page ID
#:725
Case 2:22-cv-08010-DOC-KES   Document 58   Filed 05/03/24   Page 6 of 8   Page ID
#:510

1   claims are asserted against the current office holders (i.e., Mayor Bass and

2   Councilmember Soto-Martinez) while individual capacity claims remain asserted

3   against the former office holders (i.e., former-Mayor Garcetti and former-

4   Councilmember O'Farrell).

5               b.  No Mark Ridley-Thomas.

6        Former City Councilmember Mark Ridley-Thomas was named as a

7   defendant in the original Complaint. (Dkt. 1 at 4.)  But he was omitted from the

8   FAC. (Dkt. 41.)  The omission in an amended pleading of an individual named in

9   an original pleading generally operates as a voluntary dismissal.  <u>Hal Roach</u>

10  <u>Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1546 (9th Cir. 1989)

11  (citations omitted) (holding district court erred in entering judgment against

12  individual named in original complaint but not amended complaint), <u>amended</u>

13  February 22, 1990.  Mr. Ridley-Thomas has been voluntarily dismissed. (Dkt. 42

14  at 2.)

15  **B.   Service, Waiver, and Personal Jurisdiction.**

16              **1.  Eric Garcetti and Mitch O'Farrell.**

17       As discussed, Plaintiff sues Garcetti and O'Farrell in their individual

18  capacities only.  "Under Rule 12(h)(1), [a defendant] waive[s] any defense of lack

19  of personal jurisdiction, insufficiency of process, or insufficiency of service of

20  process, by failing to raise the defense in its first motion under Rule 12(b)."

21  <u>Schnabel v. Lui</u>, 302 F.3d 1023, 1033 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(b),

22  12(h)(1)(A)).  On March 22, 2024, Defendants Garcetti and O'Farrell moved to

23  dismiss the FAC under Rule 12(b)(6). (Dkt. 43-2.)  In that motion, they raised

24  neither defects in service nor lack of personal jurisdiction. (See Dkt. 43.)

25  Therefore, they waived these issues.  The Court may exercise personal jurisdiction

26  over them.

27              **2.  All Other Defendants.**

28       At this time, the Court may exercise personal jurisdiction over all other

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 9 of 19    Page ID
Case 2:22-cv-08010-DOC-KES    Document 58    Filed 05/03/24    Page 7 of 8    Page ID
#:736
#:511

Defendants.  As discussed, on April 30, 2024, defense counsel wrote, to the Court

that "Per Plaintiff's filing of the proofs of service (ECF No. 42), Defendants do not

challenge service of the Summons and Complaint."  (Dkt. 55 at 2.)  In that filing,

counsel defined "Defendants" as "Defendants Karen Bass (substituted for Eric

Michael Garcetti by operation of law under Fed. R. Civ. Proc. ('Rule') 25(d)), Paul

Krekorian, Robert Blumenfield, Monica Rodriguez, Marqueece Harris-Dawson,

John Lee, Hugo Soto-Martinez (substituted for Mitch O'Farrell by operation of law

under Rule 25(d)), Kevin De Leon, and Monique Contreras."  (Dkt. 55 at 2.)  As is

evident from comparing this list to the chart above, these are all the other

defendants besides Garcetti and O'Farrell (the "Other Defendants").

Since the Other Defendants do not contest service or the resulting

establishment of personal jurisdiction, the Court may exercise personal jurisdiction

over them.

## C.    The PI Targets.

Plaintiff's second PI motion's proposed order asks the Court to preliminarily

enjoin "defendants and their employees, agents, assigns, subalterns, factotums,

police, flunkies, and all those working for or with them or at their direction, and

the City of Los Angeles police, as well as all persons to whose attention this

injunction comes, from enforcing the subject anti-sit/lie ordinance."  (Dkt. 35-1.)

It does not define "defendants."  The Magistrate Judge interprets it as referring to

all eleven defendants named in the above chart.

## D.    The Overlap.

Plaintiff can proceed to argue his second PI motion's merits with respect to

all defendants.  As discussed in prior sections, the personal jurisdiction issue for all

defendants has been resolved.

As for the other PI Targets (i.e., the subalterns, flunkies, factotums, etc.), the

Court is unsure who all those persons might be, but it appears that Plaintiff's

proposed order exceeds the permissible bounds of Rule 65(d).  Generally,

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 10 of 19    Page ID
Case 2:22-cv-08010-DOC-KES    Document 58    Filed 05/03/24    Page 8 of 8    Page ID
#:512
#:787

1   injunctions may bind (1) parties; (2) the "parties' officers, agents, servants,

2   employees, and attorneys"; and (3) other persons who are "in active concert or

3   participation with anyone described in (1) or (2), provided they received "actual

4   notice of it by personal service or otherwise." Fed. Rule Civ. P. 65(d)(2). To the

5   extent Plaintiff seeks to a PI binding against persons other than Defendants and

6   those persons described in Rule 65 he has provided no legal basis for doing so.

7                                   **III.**

8                           **RECOMMENDATION**

9           IT IS THEREFORE RECOMMENDED that the District Judge enter an

10  order (1) accepting this R&R; (2) finding that as of this R&R's date of issuance, all

11  defendants are described in the Section II.A chart; (3) finding that the District

12  Court may exercise personal jurisdiction over all defendants; and (4) directing

13  Plaintiff to submit an amended proposed order for the second PI motion that

14  complies with Rule 65(d)(2).

15

16  DATED:  May 3, 2024                    _Karen E. Scott_____

17                                          KAREN E. SCOTT
                                            United States Magistrate Judge
18

19                                  **NOTICE**

20          Reports and Recommendations are not appealable to the Court of Appeals

21  but are subject to the right of any party to timely file objections as provided in the

22  Federal Rules of Civil Procedure and the instructions attached to this Report. This

23  Report and any objections will be reviewed by the District Judge whose initials

24  appear in the case docket number.

25

26

27

28

                                        8

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 11 of 19   Page ID
#:728
Case 2:22-cv-08010-DOC-KES   Document 61   Filed 05/21/24   Page 1 of 2   Page ID
#:516

1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT
9                   CENTRAL DISTRICT OF CALIFORNIA
10
11   D. JACOBS,                          Case No. 2:22-cv-08010-DOC-KES
12          Plaintiff,
13      v.                               ORDER ACCEPTING REPORT AND
                                         RECOMMENDATION OF U.S.
14   ERIC MICHAEL GARCETTI, et           MAGISTRATE JUDGE
15   al.,
16          Defendants.
17
18
19         Pursuant to 28 U.S.C. § 636, the Court has reviewed the pleadings and all
20   the records and files herein, along with the Report and Recommendation of the
21   United States Magistrate Judge (Dkt. 58).  No objections to the Report and
22   Recommendation were filed, and the deadline for filing such objections has passed.
23   The Court accepts the findings, conclusions, and recommendations of the United
24   States Magistrate Judge.
25         IT IS THEREFORE ORDERED that, as of May 3, 2024, the following chart
26
27
28

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 12 of 19   Page ID
Case 2:22-cv-08010-DOC-KES   Document 64   Filed 05/21/24   Page 2 of 2   Page ID
#:517

summarizes this case's defendants.

| No. | Name | Capacity |
|---|---|---|
| 1 | Eric Michael Garcetti | Individual |
| 2 | Karen Bass | Official—Rule 25(d) |
| 3 | Paul Krekorian | Individual & Official |
| 4 | Robert Blumenfield | Individual & Official |
| 5 | Monica Rodriguez | Individual & Official |
| 6 | Marqueece Harris-Dawson | Individual & Official |
| 7 | John Lee | Individual & Official |
| 8 | Mitch O'Farrell | Individual |
| 9 | Hugo Soto-Martinez | Official—Rule 25(d) |
| 10 | Kevin De Leon | Individual & Official |
| 11 | Monique Contreras | Individual & Official |

IT IS FURTHER ORDERED that (1) the District Court may exercise personal jurisdiction over all defendants and (2) by May 24, 2024, Plaintiff shall submit an amended proposed order for the second preliminary injunction motion (Dkt. 35) that complies with Federal Rule of Civil Procedure 65(d)(2).

DATED:  May 21, 2024

*David O. Carter*

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 13 of 19   Page ID
#:730
Case 2:22-cv-08010-DOC-KES   Document 64   Filed 06/02/24   Page 1 of 3   Page ID
#:522

1   STEPHEN YAGMAN (SBN 69737)
    filing@yagmanlaw.net
2   (for filings only)
    YAGMAN + REICHMANN, LLP
3   333 Washington Boulevard
    Venice Beach, California 90292-5152
4   (310)452-3200

5   Presented on behalf of Plaintiff and
    Class Representative D. JACOBS
6

7

8               UNITED STATES DISTRICT COURT

9               CENTRAL DISTRICT OF CALIFORNIA

10                    WESTERN DIVISION

11  | PEOPLE OF CITY OF LOS | 2:22-cv-08010-DOC(KESx) |
    | ANGELES WHO ARE UN-HOUSED, | |
12  | AS A CLASS REPRESENTED BY D. | |
    | JACOBS, | |
13  | | |
    | Plaintiff, | |
14  | | |
    | v. | RESPONSE TO COURT'S MAY 31, |
15  | | 2024 ORDER, DOC. 62, AND |
    | ERIC MICHAEL GARCETTI, *et al.*, | PROPOSED ORDER ON |
16  | | TRO/PRELIMINARY |
    | Defendants. | INJUNCTION |
17  | | |
    | | Judge David O. Carter |
18

19

20          On May 21, 2024, at approximately 3:12 p.m., plaintiffs lodged with the

21  court and sent to the Judge's email the attached, proposed order, and hereby submit

22  it again, attached hereto.

23

24

25

26

27

28

                                    1

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 14 of 19   Page ID
#:731
Case 2:22-cv-08010-DOC-KES   Document 64   Filed 06/02/24   Page 2 of 3   Page ID
#:523

1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net
2  (for filings only)
   YAGMAN + REICHMANN, LLP
3  333 Washington Boulevard
   Venice Beach, California 90292-5152
4  (310) 452-3200

5  Attorneys for Plaintiff, DAVID JACOBS,
   and Class Members
6

7

8

9              UNITED STATES DISTRICT COURT
10            CENTRAL DISTRICT OF CALIFORNIA
11                 WESTERN DIVISION
12

13  PEOPLE OF THE CITY OF LOS       2:22-cv-08010-DOC(KESx)
    ANGELES WHO ARE UN-
14  HOUSED, AS A CLASS              AMENDED [Proposed] ORDER[1]
    REPRESENTED BY D. JACOBS,
15  etc.,                           ON MOTION FOR (1)
                                    DECLARATORY RELIEF AND (2)
16            Plaintiff,            PRELIMINARY INJUNCTION

17              v.

18  ERIC MICHAEL GARCETTI, et
    al.,
19
20            Defendants.           Judge David O. Carter
21

22      **IT HEREBY IS ORDERED, ADJUDGED, AND DECREED**, as follows:

23      1. Defendant City of Los Angeles Municipal Code § 41.18 is

24  unconstitutional, on its face and as applied;

25

26  [1] On May 3, 2024, the Mag. Judge rendered a report and recommendation,
27  recommending, in part, that "Plaintiff . . . submit an amended proposed order for
    the second PI motion that complies with Rule 65(d)(2) [of the Federal Rules of
28  Civil Procedure]." Doc. 58 at 8:12-14. On May 21, the Judge accepted the Report
    and this recommendation. This is that Amended Proposed Order.

                                   1

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 15 of 19    Page ID
#:732
Case 2:22-cv-08010-DOC-KES    Document 64    Filed 06/02/24    Page 3 of 3    Page ID
#:524

2.  Based on the ordinance's unconstitutionality and the court's finding that plaintiff has met his burden for the issuance of a preliminary injunction, pursuant to 28 U.S.C. §§ 1651 and 2202, the court hereby preliminarily enjoins the named defendants and their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B), from enforcing or attempting to enforce the subject anti-sit/lie ordinance;

3.  Defendants shall personally cause this order to be delivered to all City of Los Angeles police officers and City personnel who enforce or who may enforce the subject ordinance; and,

4.  Disobedience of this order will constitute a contempt of court.


Dated: May ___, 2024        _____
                            **DAVID O. CARTER**
                            United States District Judge

2

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 16 of 19    Page ID
#:733
Case 2:22-cv-08010-DOC-KES    Document 65    Filed 06/04/24    Page 1 of 2    Page ID
#:525

1    STEPHEN YAGMAN (SBN 69737)
     filing@yagmanlaw.net
2    (for filings only)
     YAGMAN + REICHMANN, LLP
3    333 Washington Boulevard
     Venice Beach, California 90292-5152
4    (310) 452-3200

5    Attorneys for Plaintiff, DAVID JACOBS,
6     and Class Members

7

8

9                    **UNITED STATES DISTRICT COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                        **WESTERN DIVISION**

12

| PEOPLE OF THE CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS, *etc.*, | 2:22-cv-08010-DOC(KESx) |
|---|---|
| | **NOTICE OF LODGING OF AMENDED [Proposed] ORDER[1]** |
| Plaintiff, | **ON MOTION FOR (1) DECLARATORY RELIEF AND (2) PRELIMINARY INJUNCTION** |
| v. | |
| ERIC MICHAEL GARCETTI, *et al.*, | |
| Defendants. | Judge David O. Carter |

22       **PLEASE TAKE NOTICE that plaintiff hereby lodges his amended**

23   **order on his motion for a preliminary injunction.** *See* **footnote 1 hereto.**

24   //

25

26   _____

27   [1] On May 3, 2024, the Mag. Judge rendered a report and recommendation,
     recommending, in part, that "Plaintiff . . . submit an amended proposed order for
28   the second PI motion that complies with Rule 65(d)(2) [of the Federal Rules of
     Civil Procedure]." Doc. 58 at 8:12-14. This is that Amended Proposed Order.

                                        1

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 17 of 19   Page ID
Case 2:22-cv-08010-DOC-KES   Document 68   Filed 06/04/24   Page 2 of 2   Page ID
#:526

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**YAGMAN + REICHMANN,LLP**

By: _____

**STEPHEN YAGMAN**

.

2

Case 2:22-cv-08010-DOC-KES    Document 89    Filed 08/21/24    Page 18 of 19    Page ID
Case 2:22-cv-08010-DOC-KES    Document 65-1    Filed 06/04/24    Page 1 of 2    Page ID
#:735
#:527

1  STEPHEN YAGMAN (SBN 69737)
   filing@yagmanlaw.net
2  (for filings only)
   YAGMAN + REICHMANN, LLP
3  333 Washington Boulevard
   Venice Beach, California 90292-5152
4  (310) 452-3200

5  Attorneys for Plaintiff, DAVID JACOBS,
    and Class Members
6

7

8

9              UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11                   WESTERN DIVISION

12

| | |
|---|---|
| 13 PEOPLE OF THE CITY OF LOS ANGELES WHO ARE UN-HOUSED, AS A CLASS REPRESENTED BY D. JACOBS, *etc.*, | 2:22-cv-08010-DOC(KESx) |
| | **AMENDED** [Proposed] **ORDER**[1] |
| Plaintiff, | **ON MOTION FOR (1) DECLARATORY RELIEF AND (2) PRELIMINARY INJUNCTION** |
| v. | |
| ERIC MICHAEL GARCETTI, *et al.*, | |
| Defendants. | Judge David O. Carter |

21

22        **IT HEREBY IS ORDERED, ADJUDGED, AND DECREED**, as follows:

23        1.  Defendant City of Los Angeles Municipal Code § 41.18 unconstitutional,

24  on its face and as applied;

25

26  _____

27  [1] On May 3, 2024, the Mag. Judge rendered a report and recommendation,
    recommending, in part, that "Plaintiff . . . submit an amended proposed order for
28  the second PI motion that complies with Rule 65(d)(2) [of the Federal Rules of
    Civil Procedure]." Doc. 58 at 8:12-14. This is that Amended Proposed Order.

Case 2:22-cv-08010-DOC-KES   Document 89   Filed 08/21/24   Page 19 of 19   Page ID
#:736
Case 2:22-cv-08010-DOC-KES   Document 65-1   Filed 06/04/24   Page 2 of 2   Page ID
#:528

2. Based on the ordinance's unconstitutionality and the court's finding that plaintiff has met his burden for the issuance of a preliminary injunction, pursuant to 28 U.S.C. §§ 1651 and 2202, the court hereby preliminarily enjoins the named defendants and their officers, agents, servants, employees, attorneys and other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B), from enforcing the subject anti-sit/lie ordinance;

3. Defendants shall personally cause this order to be delivered to all City of Los Angeles police officers and City personnel who enforce the subject ordinance; and,

4. Disobedience of this order will constitute a contempt of court.

Dated: May ___, 2024   _____

**DAVID O. CARTER**
United States District Judge