HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
EMERSON H. KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, Room 675, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 526-7336
Email: emerson.kim@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBS,<br><br>          Plaintiff,<br><br>     v.<br><br>ERIC MICHAEL GARCETTI, et al.<br><br>          Defendants. | No. 2:22-cv-08010-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed:  November 2, 2022<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:  May 12, 2025<br>Time: 8:30 a.m.<br>Ctrm: 10A, Santa Ana |

.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................1

II. RELEVANT BACKGROUND ...........................................................1

III. LEGAL STANDARD ........................................................................3

IV. ARGUMENT ......................................................................................3

    A.  Plaintiff Fails to Make a Showing Sufficient to Establish the Existence of Elements Essential to His Case; Therefore, Defendants Are Entitled to Judgment as a Matter of Law. ..........................................................3

    B.  Defendants Are Entitled to Judgment as a Matter of Law for Plaintiff's Eighth Amendment Excessive Fines Claim. ................................4

    C.  Defendants Are Entitled to Judgment as a Matter of Law for Plaintiff's Fourth Amendment Seizure Claim. ..............................................5

V. CONCLUSION ....................................................................................6

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) .............................................................................................3

*Austin v. United States*,
509 U.S. 602 (1993) .............................................................................................4

*Camara v. Mun. Ct. of City & Cnty. of San Francisco*,
387 U.S. 523, (1967) ...........................................................................................5

*Carpenter v. United States*,
585 U.S. 296 (2018) .............................................................................................5

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986) .........................................................................................3, 4

*In re Oracle Corp. Sec. Litig.*,
627 F.3d 376 (9th Cir. 2010) ..............................................................................3

*Keenan v. Allan*,
91 F.3d 1275 (9th Cir. 1996) ..............................................................................3

*Lavan v. City of Los Angeles*,
693 F.3d 1022 (9th Cir. 2012) ............................................................................5

*Pimentel v. City of Los Angeles*,
974 F.3d 917 (9th Cir. 2020) ..............................................................................4

*Soldal v. Cook Cnty.*,
506 U.S. 56 (1992) ...............................................................................................5

*United States v. Bajakajian*,
524 U.S. 321 (1998) .............................................................................................4

*United States v. Jacobsen*,
466 U.S. 109 (1984) .............................................................................................5

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

**Statutes**

2

Fed. R. Civ. P. 56 ............................................................................................ 3

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Pursuant to Federal Rule of Civil Procedure ("Rule") 56, defendants Eric Michael Garcetti, Paul Krekorian, Robert Blumenfield, Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Mitch O'Farrell, Kevin De Leon, and Monique Contreras (collectively, "Defendants") move for summary judgment as to plaintiff David Jacobs's ("Plaintiff") remaining claims in his Amended Complaint ("AC"), specifically his claims under the Eighth Amendment's Excessive Fines clause and the Fourth Amendment's unreasonable seizure clause.

Plaintiff's vague allegations and failure to conduct any discovery or provide any evidence undermines his lawsuit, as it is his burden to prove the elements of his claims. On this basis alone, Defendants are entitled to judgment as a matter of law.

Moreover, the video evidence Defendants present establishes that no constitutional violation occurred during the October 2022 incident that Plaintiff's AC is premised upon.  ECF No. 41 (Am. Compl.) ¶ 35.  Though Plaintiff was issued a citation, no fines were imposed, no appearance occurred, and no criminal charges were filed.  Nor were any of Plaintiff's belongings taken.

Ultimately, no dispute of material fact exists here, and there is only one reasonable conclusion as to the verdict in this matter.  Thus, Defendants respectfully request that the Court grant their motion in its entirety.

## II.   RELEVANT BACKGROUND

Plaintiff is an unhoused individual in Los Angeles, California.  ECF No. 41 (Am. Compl.) ¶ 5.  Plaintiff contends that in October 2022, he received a citation pursuant to LAMC § 41.18 for living on the sidewalk at the intersection of Main St. and Westminster St.  *See id.* ¶ 35.  Specifically, on October 17, 2022, Defendant Contreras issued a citation to Plaintiff under LAMC § 41.18(e) for maintaining his encampment within 500 feet of the Westminster Avenue Elementary School.  (Statement of Undisputed Facts ("SUF") No. 1.)  A copy of the citation is attached.  (Declaration of

1

Alonzo Iniguez, Ex. 1.)  During this interaction, Plaintiff remained in his tent and none of his belongings were taken.  (SUF Nos. 2, 3.)  Despite receiving a citation, the citation appears to not have been inputted within the LAPD or court systems, meaning no fine was issued, no court appearance occurred, and no criminal charges were filed.  (*See* SUF No. 4.)  Defendant Contreras's body-worn video ("BWV") captured the interaction with Plaintiff.  (Declaration of Megan Swartz, Ex. 1.)

On November 2, 2022, Plaintiff filed the instant action.  ECF No. 1.  As a result of the parties' dispute as to whether service was properly effectuated, on March 8, 2024, Plaintiff filed an amended complaint.  ECF No. 41.  On March 22, 2024, Defendants filed a motion to dismiss the AC.  ECF No. 43.  On June 20, 2024, the Court issued an order granting in part and denying in part Defendants' motion seeking dismissal.  ECF No. 70.  The Court dismissed all claims except for thirteen and seventeen, Plaintiff's Eighth Amendment excessive fines claim and Fourth Amendment seizure claim, respectively.  *Id.* at 6:21-9:7.  On February 18, 2025, Defendants propounded interrogatories on Plaintiff.  (Declaration of Emerson Kim ("Kim Decl.") ¶ 2.)  Defendants did not receive any responses or objections to their interrogatories.  (*Id.*)  On March 10, 2025, Defendants provided to Plaintiff a copy of the October 17, 2025 citation and body-worn video ("BWV") of Defendant Contreras.  (*Id.* ¶ 4.)

On March 28, 2025, defense counsel attempted to conduct a meet-and-confer under Local Rule 7-3 by calling Plaintiff's counsel.  (*Id.* ¶ 6.)  Defense counsel left a voicemail outlining the basis for the motion.  (*Id.*)  On March 31, 2025, defense counsel received an indecipherable voicemail (seemingly due to connection issues) from someone at Plaintiff's counsel's firm.  (*Id.* ¶ 7.)  On April 2, 2025, defense counsel left a voicemail with Plaintiff's counsel stating that the message was unclear.  (*Id.* ¶ 8.)  Later that day, defense counsel received a call from A.W. Clark from Plaintiff's counsel's firm informing him that Plaintiff's counsel was unavailable due to medical reasons and would not be returning for several weeks.  (*Id.*)  On April 7, 2025, defense counsel left a voicemail with Plaintiff's counsel informing him that Defendants would proceed with

2

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  filing their summary judgment motion due to the motion cut-off deadline of May 13,
2  2025, but that there would be no objection to a late-filed opposition brief.  (*Id.* ¶ 9.)

3  **III.    LEGAL STANDARD**

4          Summary judgment is appropriate when there is no genuine issue as to any
5  material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.
6  Civ. P. 56(a).  The moving party has the initial burden of identifying the portions of the
7  pleadings and record that it believes demonstrate the absence of an issue of material fact.
8  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Where the non-moving party bears
9  the burden of proof at trial, the moving party need not produce evidence negating or
10 disproving every essential element of the non-moving party's case.  *Id.* at 325.

11         Instead, the moving party need only prove there is an absence of evidence to
12 support the non-moving party's case.  *Celotex*, 477 U.S. at 325; *In re Oracle Corp. Sec.*
13 *Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).  The moving party must show that "under the
14 governing law, there can be but one reasonable conclusion as to the verdict."  *Anderson*
15 *v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  The non-moving party has the burden
16 of identifying with reasonable particularity the evidence that precludes summary
17 judgment.  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996).  If the non-moving
18 party fails to make this showing, then "[t]he moving party is entitled to a judgment as a
19 matter of law."  *Celotex*, 477 U.S. at 323.

20 **IV.    ARGUMENT**

21    **A.    Plaintiff Fails to Make a Showing Sufficient to Establish the Existence**
22            **of Elements Essential to His Case; Therefore, Defendants Are Entitled**
23            **to Judgment as a Matter of Law.**

24         "[T]he plain language of Rule 56(c) mandates the entry of summary judgment,
25 after adequate time for discovery and upon motion, against a party who fails to make a
26 showing sufficient to establish the existence of an element essential to that party's case,
27 and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*,
28 477 U.S. 317, 322 (1986).  "In such a situation, there can be no genuine issue as to any

3

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1  material fact, since a complete failure of proof concerning an essential element of the
2  nonmoving party's case necessarily renders all other facts immaterial"; therefore, "[t]he
3  moving party is entitled to a judgment as a matter of law because the nonmoving party
4  has failed to make a sufficient showing on an essential element of her case with respect
5  to which she has the burden of proof." *Id.* at 322-323 (internal quotation marks omitted).

6          Despite having adequate time for discovery, Plaintiff has not provided any
7  evidence supporting his Eight Amendment excessive fines claim or his Fourth
8  Amendment seizure claim.  Defendants attempted to obtain basic discovery from
9  Plaintiff via written interrogatories, such as facts pertaining to his allegations, claims,
10  and damages, but Plaintiff did not respond.  (Kim Decl. ¶¶ 2-3, Ex. 1.)  Without such,
11  there can be no genuine issue as to any material fact, and his failure of proof renders all
12  other facts immaterial.  Thus, Defendants are entitled to a judgment as a matter of law, as
13  Plaintiff has failed to discharge his burden of proof.

14          **B.      Defendants Are Entitled to Judgment as a Matter of Law for Plaintiff's**
15          **Eighth Amendment Excessive Fines Claim.**

16          The Eighth Amendment states that "[e]xcessive bail shall not be required, nor
17  excessive fines imposed, nor cruel and unusual punishments inflicted."  U.S. Const.
18  amend. VIII.  "The Excessive Fines Clause limits the government's power to extract
19  payments, whether in cash or in kind, 'as punishment for some offense.'"  *Austin v.*
20  *United States*, 509 U.S. 602, 609 (1993).  It prohibits punitive, as opposed to remedial,
21  fines that are "grossly disproportional to the underlying offense."  *Pimentel v. City of Los*
22  *Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (citing *United States v. Bajakajian*, 524 U.S.
23  321, 336-37 (1998)).  To determine whether a fine is grossly disproportional to the
24  underlying offense, four factors are considered: (1) the nature and extent of the
25  underlying offense; (2) whether the underlying offense related to other illegal activities;
26  (3) whether other penalties may be imposed for the offense; and (4) the extent of the
27  harm caused by the offense.  *Id.* (citing *Bajakajian*, 524 U.S. 321, 336-37).

28          Here, Plaintiff does not allege that any fine was imposed on him.  *See* AC ¶¶ 35,

112-113f.  Moreover, the evidence shows that Plaintiff was not fined or otherwise charged.  (*See* SUF No. 4.)  The evidence also shows that none of Plaintiff's belongings were taken during the October 17, 2022 interaction.  (SUF No. 3.)

As such, Plaintiff has no claim under the Eighth Amendment's Excessive Fines Clause, as there was no fine, punishment, or forfeiture.

## C.    Defendants Are Entitled to Judgment as a Matter of Law for Plaintiff's Fourth Amendment Seizure Claim.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." *Carpenter v. United States*, 585 U.S. 296, 303 (2018) (citing *Camara v. Mun. Ct. of City & Cnty. of San Francisco*, 387 U.S. 523, (1967)).  The Fourth Amendment "protects two types of expectations, one involving searches, the other seizures.  A search occurs when an expectation of privacy that society is prepared to consider reasonable is infringed.  A seizure of property occurs when there is some meaningful interference with an individual's possessory interests in that property."  *United States v. Jacobsen*, 466 U.S. 109, 113 (1984) (internal quotation omitted).

To establish that a seizure violated the Fourth Amendment, a plaintiff must allege (1) "some meaningful interference with an individual's possessory interests in that property" and (2) that the interference was "unreasonable" based on a "careful balancing of governmental and private interests."  *Soldal v. Cook Cnty.*, 506 U.S. 56, 60 (1992) (citations omitted). It is not necessary to show a "reasonable expectation of privacy to enjoy the protection of the Fourth Amendment against seizures of their unabandoned property."  *Lavan v. City of Los Angeles*, 693 F.3d 1022, 1027–28 (9th Cir. 2012).

Here, Plaintiff does not allege that Defendants seized any of his property.  *See* AC ¶¶ 35, 207.  Moreover, the evidence shows none of Plaintiff's belongings were taken. (SUF No. 3.)

As such, Plaintiff has no claim under the Fourth Amendment for an unreasonable seizure, as none of his belongings were taken.

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

1

## V.     CONCLUSION

2          For the foregoing reasons, Defendants respectfully request that the Court grant

3    their motion in its entirety and dismiss this action.

4

5    DATED:  April 14, 2025                    Respectfully submitted,

6

7                                              HYDEE FELDSTEIN SOTO, City Attorney
                                               DENISE C. MILLS, Chief Deputy City Attorney
8                                              KATHLEEN KENEALY, Chief Assistant City
                                               Attorney
9                                              GABRIEL S. DERMER, Assistant City Attorney
                                               EMERSON H. KIM, Deputy City Attorney
10

11                                  By:   */s/ Emerson H. Kim*
12                                         EMERSON H. KIM, Deputy City Attorney
                                           Attorney for Defendants
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

## **<u>CERTIFICATE OF COMPLIANCE</u>**

The undersigned, counsel of record for Defendants certifies that this brief contains 1,753 words, which complies with the word limit of L.R. 11-6.1

DATED:  April 14, 2025          By:    _/s/ Emerson H. Kim_
                                              EMERSON H. KIM

DEFENDANTS' MOTION FOR SUMMARY JUDGMENT