# EXHIBIT 1

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
EMERSON H. KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, Room 675, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 526-7336
Email: emerson.kim@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED REPRESENTED BY D. JACOBS, individually and as representatives of a class,<br><br>Plaintiff,<br><br>v.<br><br>ERIC MICHAEL GARCETTI, et al.<br><br>Defendants. | No. 2:22-cv-08010-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Complaint filed: November 2, 2022<br><br>**DEFENDANTS' INTERROGATORIES TO PLAINTIFF DAVID JACOBS (SET ONE)** |

PROPOUNDING PARTY:     DEFENDANTS

RESPONDING PARTY:       PLAINTIFF DAVID JACOBS

SET NO.:                             ONE

Defendants Eric Michael Garcetti, Paul Krekorian, Robert Blumenfield, Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Mitch O'Farrell, Kevin De Leon, and Monique Contreras (collectively, "Defendants"), by and through its attorneys, requests that plaintiff David Jacobs ("Plaintiff") answer under oath, separately and fully, and within thirty (30) days, the following set of interrogatories, pursuant to Rule 33(b) of the Federal Rules of Civil Procedure.

**INSTRUCTIONS**

A.   Each interrogatory is to be responded to in accordance with and to the full extent of the applicable Federal Rules of Civil Procedure.

B.   If you object to any of the Definitions or Instructions herein, you must do so by written response hereto. If a written response to a Definition or an Instruction is not made prior to your answering of these interrogatories, it will be presumed that you do not object to any Definition of Instruction.

C.   These interrogatories seek all information that is known to you, your representatives, agents, employees, investigators, consultants, and unless otherwise privileged, your counsel.

D.   All interrogatories must be answered in full and in writing in accordance with Rule 33, signed by each party's attorney, and verified by each party, unless otherwise required. If any interrogatory cannot be answered fully after exercising reasonable diligence, please so state and answer each such interrogatory to the fullest extent you deem possible, specify the portion of each interrogatory that you claim to be unable to answer fully and completely, state the facts upon which you rely to support your contention that you are unable to answer the interrogatory fully and completely, and state what knowledge, information, or belief you have concerning the unanswered portion of each such interrogatory.

E.   If you believe that any of the following interrogatories call for assertion of a claim of privilege, answer as much of the interrogatory as is not objected to, state that part of each interrogatory to which you object, and set forth, with respect to each such

interrogatory as to which claim of privilege is asserted, the nature of the privilege (e.g. attorney-client, work product, etc.).

F.   If an interrogatory is answered by citing to documents, specify the responsive document or group of documents by Bates number.

G.   If any interrogatory seeks information from more than one individual or entity, the response should be broken down for each individual or related entity (e.g. affiliates, joint ventures, divisions, etc.).

H.   If information requested is not readily available from your records in exactly the form requested, furnish carefully prepared estimates, designated as such, and attach explanations of any estimate used.

I.   Technical terms shall have their normal technical meaning. If you find the meaning of any terms in these interrogatories to be unclear, you must assume a reasonable meaning, state what the assumed meaning is, and answer on the basis of that assumed meaning. If you wish to clarify your interpretation of any particular term that is relied upon in answering an interrogatory, you should do so in its answer.

J.   Each interrogatory shall be deemed continuing, so as to require supplemental or mandatory responses should you obtain additional responsive information subsequent to your initial responses.

## DEFINITIONS

1.   As used herein, "YOU" or "YOUR" refers to the responding party, and to each person who, with respect to the subject matter of the request, was or is acting on responding party's behalf, including but not limited to YOUR attorneys of record in this action.

2.   As used herein, "COMPLAINT" refers to the Amended Complaint (ECF No. 41) filed by Plaintiff in the within action.

3.   As used herein, the singular and masculine genders shall also mean the plural and feminine or neuter, as may be appropriate; the conjunctive includes the disjunctive and the disjunctive includes the conjunctive; and "ALL" includes each and

every.

4. Each term used herein which is the same as a term used in the COMPLAINT shall have the same meaning and usage as in the COMPLAINT, unless otherwise specified herein.

5. As used herein "INCIDENT" includes the circumstances and events surrounding each alleged occurrence giving rise to this action or proceeding.

6. "DOCUMENTS" means a writing, as defined in Rule 1001 of the Federal Rules of Evidence, and includes the original or a copy of handwriting, typewriting, printing, photostat, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

7. As used herein, "IDENTIFY" when applied to a DOCUMENT shall mean to provide a description of the DOCUMENT and any Bates numbers on the DOCUMENT.

8. As used herein, "IDENTIFY" when applied to an individual shall mean to set forth the following information of the individual: (a) name; (b) business address; (c) business telephone number; (d) home address; and (e) home telephone number.

9. As used herein, "IDENTIFY" when applied to a business or other entity shall mean to set forth the following information regarding that business or other entity: (a) full name; (b) address of its principal place of business or principal place of activity; (c) telephone number.

10. "RELATING TO" in the plural and singular means and includes relating to, related to, refer to, pertain, reflect, discuss, show, constitute, comprise, embody, or by in any way logically or factually connected with the matter identified.

///

///

///

3
INTERROGATORIES TO PLAINTIFF DAVID JACOBS (SET ONE)

# INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY by type, amount, and category all damages YOU seek for the claims alleged in the COMPLAINT.

**INTERROGATORY NO. 2:**

State with particularity the method by which YOU quantified or calculated the damages identified in response to Interrogatory No. 1.

**INTERROGATORY NO. 3:**

State all facts supporting any damages that YOU contend YOU have suffered as a result of the conduct alleged in the COMPLAINT.

**INTERROGATORY NO. 4:**

State all facts RELATING TO each piece of property YOU claim the CITY seized for which YOU are seeking damages and the exact monetary value of each item.

**INTERROGATORY NO. 5:**

State all facts RELATING TO each piece of property YOU claim the CITY destroyed for which YOU are seeking damages and the exact monetary value of each item.

**INTERROGATORY NO. 6:**

State all facts RELATING TO YOUR allegations in paragraph 35 of the COMPLAINT.

**INTERROGATORY NO. 7:**

State all facts RELATING TO YOUR allegations in paragraph 113e of the COMPLAINT.

**INTERROGATORY NO. 8:**

State all facts RELATING TO YOUR allegations in paragraph 207 of the COMPLAINT.

/ / /

/ / /

**INTERROGATORY NO. 9:**

State all facts RELATING TO each of YOUR claims asserted in the COMPLAINT.

DATED: February 18, 2025             Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney

By: */s/ Emerson H. Kim*
EMERSON H. KIM, Deputy City Attorney
Attorney for Defendants

# PROOF OF SERVICE
*People of the City of Los Angeles, et al. v. Garcetti, et al.*
*USDC 2:22-cv-08010-DOC (KESx)*

I, **Ava Smith**, the undersigned, say: I am over the age of 18 years and not a party to the within action or proceeding. My business address is 200 North Main Street, City Hall East, #675, Los Angeles, California 90012.

On February 18, 2025, I served the foregoing document described as: **DEFENDANTS' INTERROGATORIES TO PLAINTIFF DAVID JACOBS (SET ONE)** on the interested parties in this action by placing the true copies thereof enclosed in sealed envelope(s) addressed as follows:

Stephen Yagman, Esq.
Yagman + Reichmann, LLP
333 Washington Boulevard
Venice Beach, CA  90292-5152
Telephone: 310.452.3200

**[x]** **BY MAIL** – I am readily familiar with the practice of the Los Angeles City Attorney's Office for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence is deposited with the United States Postal Service the same day it is placed for collection and mailing. On the date referenced above, I placed a true copy of the above documents(s) in a sealed envelope and placed it for collection in the proper place in our office at Los Angeles, California.

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 18, 2025, at Los Angeles, California.

_____
Ava Smith