HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
GABRIEL S. DERMER Assistant City Attorney (SBN 229424)
EMERSON H. KIM, Deputy City Attorney (SBN 285142)
200 North Main Street, Room 675, City Hall East
Los Angeles, California 90012
Telephone No.: (213) 526-7336
Email: emerson.kim@lacity.org

Attorneys for Defendants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JACOBS,<br><br>               Plaintiff,<br><br>       v.<br><br>ERIC MICHAEL GARCETTI, et al.<br><br>               Defendants. | No. 2:22-cv-08010-DOC (KESx)<br><br>**Hon. David O. Carter**<br>**United States District Judge**<br><br>Action filed:  November 2, 2022<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**<br><br>Date: May 12, 2025<br>Time: 8:30 a.m.<br>Ctrm: 10A, Santa Ana |

.

DEFENDANTS' REPLY ISO MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff's opposition brief fails to satisfy his burden to establish elements of his remaining claims. He does not proffer any facts; instead, Plaintiff merely attempts to challenge the sufficiency of Defendants' declarations. Put differently, there is no dispute of material facts here. Moreover, in response to Plaintiff's arguments, Defendants have filed an errata notice along with the executed versions of the declarations. And Defendants have twice provided a copy of the October 17, 2022 video to Plaintiff. Plaintiff must be aware of its contents, as the recording concerns his interaction with LAPD. Regardless, none of Plaintiff's arguments contradict the fact that no fine, forfeiture, or punishment was imposed on Plaintiff and that none of Plaintiff's belongings were seized.

Thus, Defendants respectfully request that the Court grant their motion in its entirety.

## II. ARGUMENT

### A. Plaintiff's Failure to Specifically Dispute Any Material Fact in His Opposition and Failure to Establish the Existence of Elements Essential to His Case Mean That Defendants Are Entitled to Judgment as a Matter of Law.

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial"; therefore, "[t]he moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* at 322-323 (internal quotation marks omitted).

Here, Plaintiff's opposition fails to establish *any* of the elements of his remaining claims or specify *any* disputes as to any material facts, even failing to include a Statement of Genuine Disputes of Material Fact as mandated by the Court's Scheduling Order (ECF No. 81). In other words, there can be no genuine issue as to any material fact, and Plaintiff's complete failure of proof necessarily renders all other facts immaterial. For reasons set forth in Defendants' motion, Plaintiff's constitutional rights were not violated. Thus, Defendants are entitled to a judgment as a matter of law, as Plaintiff has not discharged his burden of proof.

### B. Plaintiff Ignores Defendants' Evidentiary Support.

Defendants submitted both the underlying citation and the body-worn video ("BWV") of the October 17, 2022 incident. Instead of presenting any facts that would contradict Defendants' evidence, Plaintiff argues that both declarations are "nullities," that the citation is illegible, and that he never received a copy of the BWV.

First, Defendants inadvertently filed unsigned declarations of Megan Swartz and Alonzo Iniguez. ECF Nos. 100-1, 100-3. Defendants have since filed a Notice of Errata (ECF No. 103) to rectify this clerical mistake and filed the executed versions (ECF Nos. 103-1, 103-2), both of which were signed on April 14, 2025, the date Defendants filed their summary judgment motion.

Second, the key issue with the citation is whether any fine, forfeiture, or punishment occurred to support his Eighth Amendment Excessive Fines claim. Plaintiff does not contend that he was fined, subject to forfeiture, or suffered punishment. Nor does he proffer evidence in support of such. Defendants' evidence is consistent in that respect—no fine, forfeiture, or punishment occurred here.

Third, defense counsel has now twice sent a copy of the BWV to Plaintiff's counsel via mail, once on March 11, 2025, and again on April 15 2025. (Declaration of Emerson H. Kim ¶¶ 2-4.) Plaintiff should already be aware of the content, as it depicts his interaction with Defendant Contreras on October 17, 2022. Regardless, the video does not show an unreasonable seizure under the Fourth Amendment—it shows no

seizure at all.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant their motion in its entirety, and dismiss this action.

DATED:  April 28, 2025				Respectfully submitted,

HYDEE FELDSTEIN SOTO, City Attorney
DENISE C. MILLS, Chief Deputy City Attorney
KATHLEEN KENEALY, Chief Assistant City Attorney
GABRIEL S. DERMER, Assistant City Attorney
EMERSON H. KIM, Deputy City Attorney

By: */s/ Emerson H. Kim*
EMERSON H. KIM, Deputy City Attorney
Attorney for Defendants