JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| PEOPLE OF CITY OF LOS ANGELES WHO ARE UN-HOUSED, and D. JACOBS, individually and as representatives of a class,<br><br>      Plaintiffs,<br><br>      v.<br><br>ERIC MICHAEL GARCETTI, ET AL.,<br><br>      Defendants. | Case No. 2:22-cv-08010-DOC-KES<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [99]; ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR CONSOLIDATION [105]** |

Before the Court is Defendants' Eric Michael Garcetti, Paul Krekorian, Robert Blumenfield, Monica Rodriguez, Marqueece Harris-Dawson, John Lee, Mitch O'Farrell, Kevin De Leon, and Monique Contreras (collectively, "Defendants") Motion for Summary Judgment. The Court heard oral arguments on May 12, 2025. For the reasons described below, the Court **GRANTS** Defendants' Motion for Summary Judgment and as a result, **DENIES AS MOOT** Plaintiff's Motion for Consolidation (Dkt. 105).

# I.    BACKGROUND

## A.  Facts[1]

Plaintiff D. Jacobs ("Plaintiff") is an unhoused individual in the city of Los Angeles, California. *See* Declaration of David Jacobs in Opposition to Defendants' Motion ("Jacobs Decl.") (Dkt. 109) ¶ 2. Plaintiff states that in October 2022, he was issued a citation to appear in a court for living on the sidewalk on Main Street in Venice. *Id*. Plaintiff further states that in 2021, his tent in which he resided, and all of his personal belongings were stolen under the supervision of Defendant Senior Lead Officer Monique Contreras ("Defendant Contreras"). *Id.* Defendants put forth evidence that Defendant Contreras on October 17, 2022, issued a citation to Plaintiff under LAMC § 41.18(e) for maintaining his encampment within 500 feet of the Westminster Avenue Elementary School. Statement of Undisputed Facts ("SUF")(Dkt. 100) # 1. In opposition to the Motion, Plaintiff only submitted a single-page declaration from Plaintiff. For this reason, the Court largely relies on the undisputed facts presented by Defendants in support of the Motion.

Defendants state that during the interaction between Defendant Contreras and Plaintiff, Plaintiff remained in his tent. SUF # 2. Further, Defendants state that none of Plaintiff's belongings were taken during the October 17, 2022 incident. SUF # 3. Lastly, Defendants state that the citation issued to Plaintiff does not exist in LAPD's Criminal Case Management System. SUF # 4.

## B.  Procedural History

The Original Complaint (Dkt. 1) in this case was filed on November 2, 2022. Plaintiff then filed their First Amended Complaint ("FAC") (Dkt. 41) against all Defendants on March 8, 2024. This Court granted in part and denied in part Defendants' prior Motion to Dismiss on June 20, 2024. (Dkt. 70). This Motion to Dismiss granted dismissal of all claims except for two. *See generally* Order Granting in Part and Denying in Part Defendants Motion to Dismiss (Dkt. 70). Defendants then filed this instant Motion and their Statement of Uncontroverted Facts on

---

[1] Unless indicated otherwise, to the extent any of these facts are disputed, the Court concludes they are not material to the disposition of the Motion. Further, to the extent the Court relies on evidence to which the parties have objected, the Court has considered and overruled those objections. As to any remaining objections, the Court finds it unnecessary to rule on them because the Court does not rely on the disputed evidence.

April 14, 2025. Plaintiff filed a one-page Opposition ("Opp'n.") (Dkt. 102) on April 21, 2025. Defendants filed their Reply ("Reply") (Dkt. 107) on April 28, 2025. Plaintiff then filed the Declaration of Plaintiff in support of their Opposition on May 2, 2025. Defendants Lodged a physical copy of body camera footage pertaining to the incident ("Body Camera Footage")(Dkt. 101) on April 14, 2025. Lastly, Plaintiff filed a Motion for Consolidation (Dkt. 105) to consolidate this case with another case on April 26, 2025.

## II.    LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is to be granted cautiously, with due respect for a party's right to have its factually grounded claims and defenses tried to a jury. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A court must view the facts and draw inferences in the manner most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1992); *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156, 1161 (9th Cir. 1992). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial, but it need not disprove the other party's case. *Celotex*, 477 U.S. at 323. When the non-moving party bears the burden of proving the claim or defense, the moving party can meet its burden by pointing out that the non-moving party has failed to present any genuine issue of material fact as to an essential element of its case. *See Musick v. Burke*, 913 F.2d 1390, 1394 (9th Cir. 1990).

Once the moving party meets its burden, the burden shifts to the opposing party to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248–49. A "material fact" is one which "might affect the outcome of the suit under the governing law . . . ." *Id.* at 248. A party cannot create a genuine issue of material fact simply by making assertions in its legal papers. *S.A. Empresa de Viacao Aerea Rio Grandense v. Walter Kidde & Co., Inc.*, 690 F.2d 1235, 1238 (9th Cir. 1982). Rather, there must be specific, admissible evidence identifying the basis for the dispute. *See id.* The Court need not "comb the record" looking for other evidence; it is only required to consider evidence set forth in the

moving and opposing papers and the portions of the record cited therein. Fed. R. Civ. P. 56(c)(3); *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). The Supreme Court has held that "[t]he mere existence of a scintilla of evidence . . . will be insufficient; there must be evidence on which the jury could reasonably find for [the opposing party]." *Liberty Lobby*, 477 U.S. at 252.

Summary judgment is also proper when there is no genuine dispute of material fact due to a complete failure of proof. "In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to a judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 322–24.

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses, and we think it should be interpreted in a way that allows it to accomplish this purpose." *Id*.

## III.    DISCUSSION

### A. Insufficient Factual Basis for Claims

Defendants argue that despite having adequate time for discovery, Plaintiff has failed to provide any evidence supporting his claims. Motion at 4. Defendants state that they attempted to obtain basic discovery from Plaintiff via written interrogatories, but Plaintiff did not respond. *Id.* This Court holds that Plaintiff fails to meet their burden to oppose summary judgment. Plaintiff did not submit a Statement of Genuine Disputes of Material Fact as ordered by the Court or any evidence other than Plaintiff's single-page declaration to oppose the Motion. Plaintiff does not specifically dispute the facts in Defendants' Motion or evidence. *See*

*generally* Opp. Thus, Plaintiff fails to set out specific material facts showing a genuine issue for trial. *See Liberty Lobby*, 477 U.S. at 248–49.

Plaintiff brough nearly identical claims in another case, in which this Court granted Summary Judgment. No. 2:21-CV-06003-DOC.

### a. Plaintiff's Eight Amendment Excessive Fines Claim

Plaintiff has not submitted any arguments or evidence in their Opposition or Declarations to counter Defendants' Motion on this claim. Plaintiff does not allege that he was fined and there is no evidence to suggest that he was. The Body Camera footage submitted by Defendant does show a citation being written and given to Plaintiff; however, this does not establish that Plaintiff was actually fined. Without a substantive response from Plaintiff, it is unclear whether Plaintiff's Eight Amendment is based solely on fines for violation of LAMC § 41.18(e) or also includes his vague assertion that his tent and personal belongings were stolen.[2] The Court will not make Plaintiff's argument for him that the taking of his tent and personal belongings was a violation of the Eighth Amendment when Plaintiff has failed to even provide a date of this incident. Therefore, the Court will only evaluate whether the incident of Plaintiff being given a citation under LAMC § 41.18(e) constitutes a violation of the Eighth Amendment.

"The Supreme Court has held that a fine is unconstitutionally excessive under the Eighth Amendment if its amount 'is grossly disproportional to the gravity of the defendant's offense.'" *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020) (quoting *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998)). Courts consider four factors (the "*Bajakajian* factors") to assess whether a fine is grossly disproportionate to the underlying offense: "(1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the extent of the harm caused by the offense." *Id*.

---

[2] Uncertainty about what legal theory Plaintiff pursues is precisely why it is essential that Parties fully brief and respond to arguments. It is not the role of the Court to make legal arguments for Plaintiff.

The Court stands by its prior holdings and reaffirms that unhoused individuals' property is essential to their dignity and well-being. But in this case, the undisputed facts at this summary judgment stage do not establish that this issue is actually presented, nor do they provide a factual basis for the Court to determine whether this is the kind of situation in which such a ruling would be appropriate. At this stage, a court no longer accepts Plaintiff's factual allegations in the Complaint as true and must look to the evidence submitted after discovery. Plaintiff has failed to put forth any evidence that he was even issued a fine in connection to the alleged citation. The Court will not make Plaintiff's arguments for them. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court."). Courts in this District, and many others, have found that a failure to address an argument in opposition briefing constitutes a concession of that argument. *See, e.g., Johnson v. Macy*, 145 F. Supp. 3d 907, 918 (C.D. Cal. 2015) (citing *Tatum v. Schwartz*, No. S-06-01440 DFL EFB, 2007 WL 419463, at *3 (E.D. Cal. Feb. 5, 2007), for the proposition that the plaintiff "tacitly concedes this claim by failing to address defendants' argument in her opposition"); *Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded."). Thus, the Court holds it is undisputed that Plaintiff's Eight Amendment claim fails as a matter of law.

In short, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's Eighth Amendment Claim.

### b. Plaintiff's Fourth Amendment Seizure Claim

Plaintiff alleges a Fourth Amendment Property Seizure claim brought under 42 U.S.C. § 1983's umbrella against all individual capacity defendants. *See* FAC ¶ 17.

The first clause of the Fourth Amendment provides that the "right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. To establish a seizure claim under the Fourth Amendment, the plaintiff must plausibly allege that a seizure occurred and that it was

unreasonable. *See Soldal v. Cook County, Ill.*, 506 U.S. 56, 61-62 (1992); *Cedar Point Nursery v. Shiroma*, 923 F.3d 524 (9th Cir. 2019), rev'd on other grounds, *Cedar Point Nursery v. Hassid*, 141 S. Ct. 2063 (2021). A "'seizure' of property occurs when there is some meaningful interference with an individual's possessory interests in that property." *United States v. Jacobsen*, 466 U.S. 109 (1984).

As stated above, Plaintiff fails to allege even a specific date in 2021 on which the alleged seizure of his belongings occurred. *See* Jacobs Decl. ¶ 2. And Plaintiff fails to put forth any evidence that his belongings were taken during the October 17, 2022 incident. *See generally* Jacobs Decl. Thus, the only evidence the Court has to rely on is Defendants' statement that none of Plaintiff's belongings were taken during this incident. *See* SUF # 3. In conclusion, the Court holds that it is undisputed that Plaintiff's Fourth Amended claim fails as a matter of law.

In short, the Court **GRANTS** Defendants' Motion for Summary Judgment as to Plaintiff's Fourth Amendment Claim.

## IV. Disposition

For the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment. Accordingly, the Court **DENIES AS MOOT** Plaintiff's Motion for Consolidation.

DATED: May 14, 2025

*David O. Carter*

_____
DAVID O. CARTER
UNITED STATES DISTRICT JUDGE